MARY LEE LAKE, *et al.*

*v.*

POTOMAC LIGHT & POWER CO., A CORP.

(No. 12498)

Submitted May 3, 1966.                    Decided June 28, 1966.

*Lewis W. Lake,* for appellants.

*Ralph J. Bean, Martin & Seibert, Clarence E. Martin, Jr.,* for appellee.

BROWNING, JUDGE:

Plaintiffs, Mary Lee Lake and Lewis W. Lake, the owners of a triangular tract of land fronting on W. Va. State Route No. 55, formerly known as the Hardy-Winchester Pike, in the Town of Wardensville, instituted this declaratory judgment proceeding in the Circuit Court of Hardy County in July, 1959, alleging that the defendant and its predecessor in title had erected power poles and equipment on their property in the year 1935 without their consent or permission and praying for a declaration of the rights, status and legal relationship between the parties and for other general and special relief. Defendant answered, denying that it had erected any poles on plaintiffs' land at any time

or had trespassed on said lands in any way and, in the alternative, if said poles were determined to be on plaintiffs' land, plaintiffs were guilty of laches and defendant has acquired a prescriptive right of way or easement. Subsequent to the filing of this answer on October 6, 1959, various proceedings were had, including a trial by jury in which a verdict in favor of plaintiffs was set aside by the court and no appeal was taken.

On February 6, 1964, defendant moved for summary judgment on the ground that no genuine issue as to any material fact existed and in support thereof filed as an exhibit a permit of the state road commission granting to the defendant, apparently as of July 7, 1960, the right to place and maintain poles and lines on the state right of way of State Route No. 55. Plaintiffs, on February 28, 1964, moved for summary judgment on the ground that defendant has no genuine defense in law or fact "and the sworn testimony of Mr. Gamble, Clerk of this Honorable Court, in the prior trial of this case, that there is no record in his office that the state or State Road Commission had acquired a right of way over the plaintiffs' property. . . ." Both of these motions were overruled and on March 23, 1964, defendant renewed its motion, stating that "the Court overruled same because . . . there were at least two or three wires that may have crossed property of the Lakes. . . ." and "since this matter was last argued, the wires in question were moved.", and in support of the motion filed the affidavit of its engineer, David S. Elsea, to the effect that he had examined the premises of plaintiffs as well as the public highway and public alley adjoining said premises and "upon information and belief and upon his oath" says that no poles or equipment of the defendant are located on the premises of plaintiffs, but that all property of defendant is within the forty foot highway right of way and the sixteen foot alley right of way. On the same day, the court gave its oral opinion, taken down and transcribed by the court reporter, that the state road commission and the Town of Wardensville were necessary parties for a final determination of the controversy, and thereafter on April 21, 1964,

entered its order to that effect and overruled the "motions" for summary judgment. On September 3, 1964, the court reversed its ruling, after argument of counsel, and held that the state road commission and Town of Wardensville were not necessary parties.

On October 2, 1964, plaintiffs again moved for summary judgment reciting under the heading "Supporting Facts" that the court had overruled the motion on March 23, 1964, on the ground "that there was at least two or three wires that may have crossed property of Lakes being outside lines. . . ." and that counsel for the defendant at that hearing "stated that all equipment beyond the alleged right of way line had been moved." Plaintiffs also filed an affidavit of a retired army engineer concerning a title sheet and blue print entitled "Plans and Profile for Construction of State Road Project No. 3442, dated 1929, Capon District, Hardy County, from Pine Ridge School to Wardensville, Sheet No. 24." The blue print depicts a "proposed" road of forty feet in front of plaintiffs' property and a "traveled" road of fourteen feet. The affiant states: "The title page and blue print state and show the survey to be confined solely to the locating and placing the original road on the ground and showing the outline of the proposed right of way, and the adjacent private property as it would be effected. . . . The title sheet states the extent of the survey, controls the blue print."

Defendant, on October 27, 1964, filed an answer to this motion of plaintiffs, denying any trespass upon plaintiffs' land and asserting "that in removing certain equipment from the lots of plaintiffs, defendant had obtained fixed and definite legal rights to keep the equipment there because of long use of the premises . . . and Defendant had obtained rights by adverse possession to continue to use same, but this did not mean that Defendant could not move the equipment from the lots if it so desired. . . ." and again asserted the defense of laches. Defendant also renewed its motion for summary judgment and filed the affidavit of its counsel in the case "that according to his best recollection the following facts have been testified to by various

witnesses at various hearings and particularly at the jury trial and that the documents, permits and exhibits to be hereinafter mentioned have all been introduced in evidence. . . ." The affidavit then recites that: the evidence at the "first" trial shows State Route 55 to be forty feet in width and the alley sixteen feet; both have had public moneys spent on them and have been used by the public for more than ten years; both pole lines, highway and alley are within the respective rights of way; Exhibit No. 4 (the blue print heretofore mentioned) shows the width of the highway and alley to be forty feet and sixteen feet, respectively; the certificate of Bobby Boaz, Executive Secretary of the State Road Commission, shows Route 55 to be a primary road with a width of forty feet, since 1933; both pole lines have been in place since 1937; despite early protestations of plaintiffs, which ended in 1941, no action was thereafter taken until suit was filed in 1959; and, Plaintiffs' Exhibit No. 6, a plat of "West Riverview Addition", dated 1918, subject to which Mrs. Lake acquired title to Lots 1, 2 and 3, the property involved, shows a forty foot street in front of plaintiffs' property. Thereafter, pursuant to a suggestion of the court that counsel submit a stipulation of facts which would be undisputed, in order that the motions for summary judgment might be passed upon, defendant submitted, in substance the matters contained in the above affidavit and plaintiff submitted the following, that: plaintiffs' property has been invaded on two sides, the highway and the alley, the chain of plaintiffs' title has not been disputed; neither the state road commission nor the Town of Wardensville has sought to intervene in these proceedings; the invasion on the alley side, except for a very small part, has been discontinued; the state road survey of 1929 shows the Hardy-Winchester Pike to be only fourteen feet in width; there is no record of any proceedings by which the state acquired a larger right of way; defendant has removed all property from plaintiffs' land to a point within the right of way alleged by the state and refuses to remove its property therefrom by reason of the 1960 permit; and, the removal of defendant's equipment took place just prior to March 23, 1964. Neither party would agree substantially to any

material assertion of the other and on November 24, 1964, an order was entered nunc pro tunc for November 9, 1964, holding that: State Route No. 55 has a width of forty feet and the alley is a public alley; defendant has a legal right to maintain its equipment within such rights of way; however, plaintiffs shall have a right to institute other legal proceedings if it appears that any of the equipment moved previous to March 24, 1964, is or was not within such rights of way, and defendant shall have available to it in any such proceeding the defenses of laches and adverse possession; and, dismissed the case from the docket. The oral opinion of the court, as transcribed by the court reporter, shows that the court determined on November 9, the width of the alley to be sixteen feet and the order entered November 25, 1964, was prepared in accordance therewith, however, as the same appears in the record all references to the width of the alley have been deleted by use of a pen. An affidavit of a town councilman was filed by plaintiffs on November 21, 1964, to the effect that the town alleys are only twelve and one-half feet in width.

Thereafter, on April 5, 1965, plaintiffs tendered their "Statement of Evidence Given at the Trial of Said Case November 10, 12, 1959, In Lieu of Transcript of Testimony The Same Not Being Obtainable and of Testimony That Was Not Reported" setting forth in narrative form the testimony of four witnesses for plaintiffs who testified at the trial. Defendant objected to the filing of this statement, which objection was sustained by the court on the ground that the verdict of the jury in 1959 was set aside upon motion, no appeal was taken therefrom, and such evidence was not considered by the court in passing upon the motions for summary judgment.

"On a motion for summary judgment all papers of record and all matters submitted by both parties should be considered by the court. . . . A motion by each of two parties for summary judgment does not constitute a determination that there is no issue of fact to be tried; and both motions should be denied if there is actually a genuine issue as to a material fact. When both parties move for summary

judgment each party concedes only that there is no issue of fact with respect to his particular motion." *Aetna Casualty and Surety Co. v. Federal Insurance Co. of N. Y.*, 148 W. Va. 160, 133 S. E. 2d 770. The third syllabus point of the *Aetna* case states: "A motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law." See also, *Hatten v. Mason Realty Co.*, 148 W. Va. 380, 135 S. E. 2d 236; *Petros v. Kellas*, 146 W. Va. 619, 122 S. E. 2d 177.

While the record before us is perhaps not as clear as it might be, it requires only a cursory examination to disclose that genuine issues as to material facts exist and the case is not one that properly may be decided upon motion for summary judgment. This is evident not only from the pleadings, motions, affidavits, and exhibits, but also from the inability of counsel to agree substantially upon any stipulation of facts in evidence which might be taken as proved. The inability of counsel to agree would not in itself be objectionable if the disagreement concerned not the facts themselves but only the conclusions to be drawn therefrom. In the instant case, although some of the facts proposed to be stipulated by both parties appear, at least at the present stage of the proceedings, not to be material, it is obvious that a genuine dispute does exist as to the facts determinative of the rights of the parties. This dispute is further emphasized by the specific reservations in the court's order of November 25, 1964, of the following questions: whether there was any trespass by the defendant up to March 24, 1964; the width of the alley; whether the plaintiffs are guilty of laches; and, whether, if any poles are now, or at any time had been, located on plaintiffs' property, defendant had acquired a right adverse to plaintiffs to maintain any such poles in that location. All of these are questions to be determined from competent evidence submitted upon a trial of the case. "The summary judgment procedure provided by Rule 56 of the West Virginia Rules of Civil Procedure does not infringe the constitutional right

of a party to a trial by jury; it is not a substitute for a trial . . . either by a jury or by the court of an issue of fact, but is a determination that, as a matter of law, there is no issue of fact to be tried." Syl. Pt. 7, *Petros* v. *Kellas,* 146 W. Va. 619, 122 S. E. 2d 177.

Inasmuch as the case must be reversed it might be pertinent to note that, although this action was instituted in 1959, under Chapter 55, Article 13 of the Code, as amended, and thus prayed only for a declaration of the rights of the respective parties, Rule 57 of the Rules of Civil Procedure, which became effective July 1, 1960, and under which the parties have proceeded since that date, provides, in part, as follows: "The procedure for obtaining a declaratory judgment pursuant to the West Virginia Uniform Declaratory Judgment Act, Code, Chapter 55, Article 13, shall be in accordance with these rules, and the right to trial by jury may be demanded under the circumstances and in the manner provided in Rules 38 and 39. . . . A party may demand declaratory relief or coercive relief or both in one action. Further relief based on a declaratory judgment may be granted in the declaratory action or upon petition to any court in which the declaratory action might have been instituted. . . ."

The judgment of the Circuit Court of Hardy County of November 25, 1964, nunc pro tunc November 9, 1964, is reversed and set aside and the case remanded for such further proceedings as may be proper.

*Reversed and remanded.*