PARKWAY FUEL SERVICE, INC.

*v.*

ROY PAULEY

(No. 13822)

Decided March 18, 1980.

*Roy Pauley* pro se.

*John G. Anderson* for appellee.

PER CURIAM:

In this case Roy Pauley, the appellant, contends that the Circuit Court of Jackson County erred in entering an order on August 20, 1976, awarding the appellee, Parkway Fuel Service, Inc., summary judgment on Parkway's complaint against Pauley for past due rent and possession of real estate. It is Mr. Pauley's contention that at the time of the entry of summary judgment, genuine issues of material fact remained in the case and that, therefore, the entry of summary judgment was improper. We agree.

In the summer of 1971 the appellant leased from Parkway a 7.3 acre parcel of real estate located in Putnam County. In 1974, Parkway, in a complaint alleging that the appellant had failed to pay rent for twenty months, sued for $4,000 and possession of the premises. In response to Parkway's complaint the appellant filed an answer in which he denied generally the allegations of the complaint. Parkway thereupon moved for summary judgment, and by order entered August 22, 1974, the Circuit Court of Putnam County awarded Parkway the relief for which it prayed.

Mr. Pauley appealed the decision of the Circuit Court of Putnam County to our Court, and we, in a decision handed down on December 16, 1975, reversed the judgment of the Circuit Court and remanded the case for a new trial. *Parkway Fuel Service, Inc. v. Pauley,* ___ W.Va. ___, 220 S.E.2d 439 (1975).

After the remand, the Judge of the Circuit Court of Putnam County disqualified himself, and the case was transferred to the Circuit Court of Jackson County.

Upon reinstitution of the action in the Circuit Court of Jackson County, Parkway again moved for summary judgment. In support of its motion, it filed an affidavit executed by William M. Batchelor, Director of Real Estate for Benton-Spry, Inc., and for its wholly-owned subsidiary Parkway Fuel Service, Inc. In the affidavit, Mr. Batchelor stated that the appellant had agreed to pay

$200.00 per month as rent for the premises in question, and that for several months Pauley did pay the rent. However, on or about August 1, 1972 he ceased making payments. Mr. Batchelor stated that Pauley was in arrears for a total of twenty months, and that even though numerous notices had been given to him to pay his rent, he had refused to pay the rent and had refused to vacate the premises.

In opposition to the motion for summary judgment, the appellant filed an affidavit in which he asserted that on December 30, 1971, he had entered into negotiations with Barr Realty, as agent for Parkway, for the purchase of the premises in question. He stated that Barr Realty, acting in behalf of Parkway, had agreed to sell him the property for $55,000 with $500.00 to be paid down and the residue to be paid in monthly installments of $508.00 over a period of thirteen years. He stated that he had made the down-payment of $500.00 as agreed, that Barr had accepted it, but that Parkway had failed to convey the property. He took the position that there is no rent due to Parkway because, as a result of the agreement, he ceased being a month-to-month tenant and his obligation to pay rent had ended.

The appellant attached to his affidavit a copy of a check for $500.00 dated December 30, 1971, payable to Barr Realty. He also attached two letters, one from Hennis Freight Lines, Inc., and the other from Benton-Spry, Inc., the parent companies of Parkway. In the first letter, W. P. Shore, Jr., Manager of the Real Estate Department of Hennis Freight Lines, Inc. wrote:

> "We have secured the necessary company approval for the sale of the property as I discussed with you on my recent trip to West Virginia. I do have one problem in securing the approval of the court."

Mr. Shore then stated that Hennis Freight Lines was at the time in bankruptcy and that its activities were under supervision by the court. He, however, concluded: "In the meantime, let me assure you that the sale will go through . . . ."

In the second letter, Mr. Richmond W. Rucker, an attorney writing in behalf of Benton-Spry, Inc. stated:

> "You had proposed to purchase from Parkway Fuel Service, Inc. the facility and property in Winfield, West Virginia, for the sale price of $55,000.00, to be paid at an approximate monthly rate of $508.00 for a twelve year period. This matter has been thoroughly discussed here and that proposition is unacceptable."

After the filing of the affidavits and exhibits in the case, the Circuit Court on August 20, 1976, granted Parkway's motion for summary judgment and entered judgment against the appellant.

In Syllabus Point 3 of *Aetna Casualty and Surety Co. v. Federal Ins. Co.*, 148 W.Va. 160, 133 S.E.2d 770 (1963), we stated:

> "A motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law."

*Gavitt v. Swiger*, ____ W.Va. ____, 248 S.E.2d 849 (1978); *Consolidated Gas Supply Corp. v. Riley*, ____ W.Va. ____, 247 S.E.2d 712 (1978); *Cassella v. Weirton Construction Co.*, ____ W.Va. ____, 241 S.E.2d 924 (1978); *State ex rel. County Commission of Jackson County v. McCoy*, ____ W.Va. ____, 236 S.E.2d 217 (1977).

An examination of the affidavit and exhibits filed by the appellant in opposition to Parkway's motion for summary judgment reveals that the appellant raised a question of fact material to the right of Parkway to recover past due rent and possession of the real estate in question. He suggested that Parkway agreed to the sale of the real estate prior to the time he ceased payment of rent. He further suggested that an ancillary right accruing to him under the contract was the right to cease paying rent. While this position is not succinctly stated in the appellant's affidavit, it is evident when all the papers of record and all matters submitted by the par-

ties are considered as is required by *Aetna, supra,* and *Lake v. Potomac Light & Power Co.,* 150 W.Va. 641, 149 S.E.2d 230 (1966).

Although the West Virginia Statute of Frauds, *W.Va. Code,* 36-1-3, provides that no contract for the sale of lands, or the lease thereof for more than one year, shall be enforceable unless the contract or some note or memorandum thereof is in writing and signed by the party to be charged, or by his agent, three circumstances presented by the appellant suggest that this contract may not be barred: first, the letter exhibits filed by the appellant indicate that there may be a memorandum of sale signed by an agent of Parkway's; second, the appellant's contention that he tendered a $500.00 down payment to Parkway's agent and that he was in possession of the premises raises the question of whether the Statute of Frauds may be avoided under the Doctrine of Part Performance; and third, the appellant's papers raise the question of whether there was some supplemental agreement regarding his liability to pay rent under his month-to-month tenancy; such an agreement, if separate from the agreement for transfer of the property, was possibly outside the Statute of Frauds.

In view of the fact that the appellant raised genuine questions of material fact affecting the question of Parkway's right to recover, we conclude, in accordance with our holding in Syllabus Point 3 of *Aetna, supra,* that the circuit court erred in granting Parkway's motion for summary judgment.

The judgment of the Circuit Court of Jackson County is, therefore, reversed, and this case is remanded for an evidentiary hearing on the questions raised in the papers filed before the court.

> *Reversed and remanded with directions.*