GLYN DIAL ELLIS

*v.*

NEW HAMPSHIRE INS. CO., AND

GRANITE STATE INS. CO., *d/b/a*

N. H. INS. GROUP

(No. 15008)

Decided June 23, 1981.

*Glyn Dial Ellis,* pro se.

*Jenkins, Fenstermaker, Krieger, Kayes & Farrell* and *David C. McCue* for appellees.

PER CURIAM:

This is an appeal by Glyn Dial Ellis from a summary judgment granted against him in the Circuit Court of Logan County. The appellant contends among other things that at the time of the entry of summary judgment, genuine issues of material fact remained in the case and that, therefore, the entry of summary judgment was improper. We agree.

On March 8, 1977, the New Hampshire Insurance Company issued an insurance policy to the appellant for coverage of a building located at 208-211 Riverview Avenue, Logan, West Virginia. When the policy was issued, the building housed a new automobile sales and repair shop on the first floor and apartment dwellings on the second floor. The policy was known as a "named perils" insurance

policy covering only the specific perils named therein. Those perils included windstorms, but did not include land or earth slides, and specifically excluded flood waters. The limit of the insurance policy was $10,000, and coverage was for a period of one year.

On August 13th and 14th, 1977, the subject building suffered damages to its roof and one wall when the City of Logan was hit with heavy rains. A tree from the hill to the rear of the building fell through the roof, and the rear wall of the building subsequently caved in.

The appellant filed a claim with the insurance company, contending that the damage to the building was caused by high winds and rain. The claim was investigated by a Mr. Justin D. Trout, an employee of General Adjustment Bureau Business Services, Inc., an independent adjusting corporation. On the basis of Mr. Trout's conclusion that the damages to the building were the result of an earth slide, not a named peril under the insurance policy, the company denied coverage.

On November 18, 1977, the appellant filed suit in the Circuit Court of Logan County against New Hampshire Insurance Company.* He alleged that his insured building had been damaged by high winds and rain in the amount of $14,000 and demanded judgment for the policy limit of $10,000. The insurance company filed an answer denying that the subject policy covered the appellant's loss, and demanded that the action be dismissed.

For purposes of discovery various depositions were taken during the months following commencement of the action, then because of a conflict of interest issue which arose but is irrelevant to our decision, further discovery was delayed for some time. However, on March 26, 1979, the insurance company moved for summary judgment. In support of its motion, it filed an affidavit executed by Mr. Trout. Attached to the affidavit was a photograph showing the damaged

---

* The New Hampshire Insurance Company and Granite State Insurance Company are in business as New Hampshire Insurance Group, and the style of the complaint so designated.

portion of the subject building and other photographs portraying the building after repairs had been made.

In response, the appellant filed an affidavit in opposition to the company's motion. Thereafter further depositions were taken, and on August 3, 1979, the appellant filed a cross-motion for summary judgment. On April 29, 1980, the circuit court granted the insurance company's motion for summary judgment and denied the appellant's motion.

In the attached opinion which was incorporated into the order granting summary judgment for the company, the court made the following conclusions of law:

"(1) The insurance policy here covered wind but not landslides;

"(2) The damage caused to Defendant's premises was due to a landslide, not by wind damage;

"(3) There is no genuine issue of material fact before this Court as the Court finds as a matter of fact as well as law that the landslide caused the damage;

"(4) Motion for Summary judgment by Defendant is indicated."

We begin with two basic principles set forth in our landmark case of *Aetna Casualty and Surety Co. v. Federal Insurance Co.*, 148 W.Va. 160, 133 S.E.2d 770 (1963). In Syllabus Point 3, we stated:

"A motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law."

*Gavitt v. Swiger*, 162 W.Va. 238, 248 S.E.2d 849 (1978); *Consolidated Gas Supply Corp. v. Riley*, 161 W.Va. 782, 247 S.E.2d 712 (1978); *Cassella v. Weirton Construction Co.*, 161 W.Va. 317, 241 S.E.2d 924 (1978); *State ex rel. County Commission of Jackson County v. McCoy*, 160 W.Va. 540, 236 S.E.2d 217 (1977).

And in Syllabus Point 6 of *Aetna*, we held:

"A party who moves for summary judgment has the burden of showing that there is no genuine

issue of fact and any doubt as to the existence of such issue is resolved against the movant for such judgment."

An examination of the record in this case, including the exhibits and the depositions, reveals the existence of a genuine material issue of fact as to what caused the tree to fall and the damage to the building. From the beginning of this action, appellant claimed that the damage to the insured building was caused by wind, a named peril under the policy. There was evidence indicating the damage may have been caused by high winds or by an earth slide. From the evidence, what caused the damage is problematical. It could have been caused by either.

It is clear that the Polaroid snapshot admitted into evidence was of poor quality and consequently provided very little insight into the question of whether there was an earth slide. In addition, there is no expert testimony on what caused the tree to fall and the wall of the building to cave in. Further, the insurance company's investigator did not view the accident site until some two weeks after the event and by this time the tree had been removed and repairs had been made. Finally, two persons testified at their depositions that there was a strong wind blowing and that it was raining very hard at the time the building was damaged.

All of these factors lead us to conclude that a genuine question of fact did exist as to what caused the damage to appellant's building and the circuit court erred in granting summary judgment for the insurance company.

As a corollary, we note that in the circuit court's opinion in this case, the judge said: "I am convinced . . . that if there is no evidence beyond what has already been submitted to the Court, a motion for a directed verdict would be indicated." We addressed this issue in *Masinter v. Webco Co.*, 164 W.Va. 241, 262 S.E.2d 433 (1980), and held in Syllabus point 1:

"Even if the trial judge is of the opinion to direct a verdict, he should nevertheless ordinarily hear evidence and, upon a trial, direct a verdict rather

than try the case in advance on a motion for summary judgment."

This rule is especially applicable in complex cases. It is clear from the depositions filed in this case that very technical and complex questions are raised as to the cause of the damage to the appellant's building.

In view of the fact that the appellant raised genuine questions of material fact in regard to his right to recover under the insurance policy with New Hampshire Insurance Company, we conclude that the circuit court erred in granting the insurance company's motion for summary judgment.

Therefore, the order of the Circuit Court of Logan County is reversed, and the case is remanded for further proceedings.

*Reversed and remanded.*