295 S.E.2d 28

**Lillian CHAMBERS, Administratrix of the Estate of Jack Bruce Chambers, Deceased**

v.

**SOVEREIGN COAL CORPORATION, A West Virginia Corporation.**

No. 14913.

Supreme Court of Appeals of West Virginia.

July 2, 1982.

Rehearing Denied Sept. 16, 1982.

**2.** *See, 4A Moore's Federal Practice* § 36.05[4], at    36–53—36–56 (2d ed. 1982).

William L. Jacobs, Parkersburg, H. Truman Chafin, Williamson, for appellant.

Richardson, Kemper, Hancock & Davis, Robert M. Richardson and J. Peter Richardson, Bluefield, for appellee.

McHUGH, Justice:

This action is before this Court upon appeal from the final order of the Circuit Court of Mercer County, West Virginia, entered February 7, 1980, which order granted the motion for summary judgment filed pursuant to *W.Va.R.C.P.* 56 by the appellee, Sovereign Coal Corporation. In her complaint filed October 4, 1979, the appellant, Lillian Chambers, administratrix of the estate of Jack Bruce Chambers, sought recovery against the appellee for the wrongful death of her husband. This Court has before it the appellant's petition for appeal, all other matters of record and the briefs and argument of counsel.

The complaint alleges that the appellant is a resident of West Virginia and lives in New Town, Mingo County. The appellee is a West Virginia corporation with a business office in Bluefield, Mercer County. The appellee operates a coal mine known as mine no. 1A in Pike County, Kentucky.

It is undisputed between the parties that Jack Bruce Chambers on November 24, 1978, was fatally injured at the appellee's operations in Pike County, Kentucky, when a crane upon which he was assisting another employee struck a power line. The appellee admits that at the time of the accident, Jack Bruce Chambers was acting within the scope of his employment.

The complaint asserts that the death of Jack Bruce Chambers was caused by the appellee's negligent, intentional and willful misconduct. Specifically, the complaint asserts, *inter alia*, (1) that the appellant's decedent was intentionally required to work in a dangerous and unsuitable location with respect to the power line, (2) that the appellant's decedent was not warned of the danger and (3) that the appellee, through its personnel operated equipment upon the premises with willful, wanton and reckless disregard for the safety of the

appellant's decedent. Furthermore, the complaint asserts that the appellee deliberately violated federal and state safety laws with respect to the premises.

As indicated in his order of February 7, 1980, the trial judge applied the statutory law of Kentucky and concluded that inasmuch as the appellant had received workmen's compensation benefits from Kentucky, the appellant had waived all rights under Kentucky law to bring an action against the appellee for the fatal injury. Therefore, the defendant's motion for summary judgment was granted.

The appellant contends that the decedent, Jack Bruce Chambers, was a West Virginia resident employed by the appellee, a West Virginia corporation, and that compensation for the death of Jack Bruce Chambers was subject to the West Virginia Workmen's Compensation Act, *W.Va.Code*, 23–1–1 *et seq.*, including the provisions of *W.Va.Code*, 23–4–2 [1969],[1] which permit a common law cause of action for damages to be maintained even though a claim for workmen's compensation benefits has been made.[2]

We need not reach the question of whether the trial judge was correct in applying Kentucky law rather than West Virginia law to this action because this action fails to withstand the appellee's motion for a summary judgment under the laws of either state. The trial judge was correct, therefore, in granting the summary judgment even though he based his decision upon Kentucky law. As this Court held in syllabus point 3 in *Barnett v. Wolfolk*, 149 W.Va. 246, 140 S.E.2d 466 (1965): "This Court may, on appeal, affirm the judgment of the lower court when it appears that such judgment is correct on any legal ground disclosed by the record, regardless of the ground, reason or theory assigned by the lower court as the basis for its judgment." *See also* Syl. pt. 2, *Environmental Products Co. v. Duncan*, W.Va., 285 S.E.2d 889 (1981).

As *W.Va.R.C.P.* 56 states, a summary judgment shall be granted in an action where "... there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter

---

**1.** As *W.Va.Code*, 23–4–2 [1969] states:

If injury or death result to any employee from the deliberate intention of his employer to produce such injury or death, the employee, the widow, widower, child or dependent of the employee shall have the privilege to take under this chapter, and shall also have cause of action against the employer, as if this chapter had not been enacted, for any excess of damages over the amount received or receivable under this chapter.

**2.** In *Mandolidis v. Elkins Industries, Inc.*, 161 W.Va. 695, 246 S.E.2d 907 (1978), three consolidated actions each involved a tort action brought by an employee or his heirs against employers subject to the West Virginia Workmen's Compensation Act. In one action, James Mandolidis injured his hand while operating a 10-inch table saw not equipped with a safety guard. In another action, Carl Snodgrass and others were injured or killed when a platform upon which they were working fell into an excavation. In the third action, Lloyd Dishmon was killed by a slate fall at a mine where he was working.

In *Mandolidis*, notwithstanding the immunity from common law suit granted to employers by the West Virginia Workmen's Compensation Act, *W.Va.Code*, 23–2–6 [1974], the plaintiffs commenced each action relying upon the deliberate intent exception to such immunity. *W.Va. Code*, 23–4–2 [1969]. Specifically, the plaintiffs alleged that injury or death resulted from a deliberate or willful intent of the employer to harm the plaintiffs. Concluding in each case that the record did not support a finding of such intent, the trial court granted summary judgment or motions to dismiss filed by the defendants. In *Mandolidis*, we reversed and held that questions of fact and claims for relief had properly been asserted by the plaintiffs.

This Court in *Mandolidis* held in syllabus point 1 as follows: "Under W.Va. § 23–4–2 an employer is subject to a common law tort action for damages or for wrongful death where such employer commits an intentional tort or engages in wilful, wanton, and reckless misconduct...." As this Court stated:

In our view when death or injury results from wilful, wanton or reckless misconduct such death or injury is no longer accidental in any meaningful sense of the word, and must be taken as having been inflicted with deliberate intention for the purposes of the workmen's compensation act.

...'. [T]he phrase 'deliberate intent to produce such injury or death' must be held to mean that an employer loses immunity from common law actions where such employer's conduct constitutes an intentional tort or wilful, wanton, and reckless misconduct.

246 S.E.2d at 914.

of law." This Court has on numerous occasions discussed Rule 56 summary judgments. Specifically, we have held as follows: "A motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law." Syl. pt. 2, *Renner v. Asli*, 167 W.Va. 208, 280 S.E.2d 240 (1981); Syl. pt. 1, *Ellis v. New Hampshire Ins. Co.*, 167 W.Va. 208, 279 S.E.2d 417 (1981); Syl., *Parkway Fuel Service, Inc. v. Pauley*, 164 W.Va. 344, 263 S.E.2d 893 (1980); Syl. pt. 1, *Gavitt v. Swiger*, 162 W.Va. 238, 248 S.E.2d 849 (1978) and Syl. pt. 1, *Consolidated Gas Supply Corp. v. Riley*, 161 W.Va. 782, 247 S.E.2d 712 (1978).

▇ With respect to the entry of summary judgment for the appellee by the Circuit Court of Mercer County, the question before this Court is whether the record discloses a genuine issue of material fact as to whether the appellee was guilty of negligent, intentional and willful misconduct as alleged in the appellant's complaint. We are of the opinion that the record indicates that no such question of fact exists and that the circuit court was correct in granting the motion of the appellee for summary judgment.

As the record indicates, nothing was filed by the appellant in opposition to the appellee's motion for summary judgment. As *W.Va.R.C.P.* 56(e) provides, in part:

The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

Specifically, a copy of the appellee's motion for summary judgment was mailed to counsel for the appellant on December 11, 1979. The trial judge granted the appellee's motion by order entered on February 7, 1980. The record indicates that the appellant did not within that time, nor at any other time, submit to the trial judge affidavits, exhibits or other matters, other than her complaint, in opposition to the motion. On the other hand, the affidavits submitted by the appellee in support of the motion for summary judgment indicated that at the time of the accident resulting in the death of the decedent (1) the crane was in proper operating condition and the power line was visible, (2) the decedent had been previously warned about the power line and (3) to do the work intended, moving the crane toward the power line was not anticipated.[3] Inasmuch as the appellant's complaint alleged that the appellee was guilty of negligent, intentional and willful misconduct, it appears unusual that the appellant did not support such a serious charge with affidavits or other matters after the appellee moved for summary judgment.

As we stated in *Brady v. Reiner*, 157 W.Va. 10, 30, 198 S.E.2d 812, 824 (1973), *overruled on other grounds, Board of Church Extension v. Eads*, 159 W.Va. 943, 230 S.E.2d 911, 918, n. 6 (1976):

Rule 56(c), W.Va.R.C.P. provides for a speedy determination of legal issues when the developed record discloses no genuine issue of material fact. Consonant with the spirit of the rule, this Court has previously held, upon ample supporting authority, that to successfully resist a motion for summary judgment, the party against whom it is made must present some evidence to indicate to the court that facts are in dispute, when the moving party's evidence shows no disputed facts. The mere contention that issues are disputable is not sufficient to deter the trial court from the award of summary judgment. (citation omitted)

---

3. For example, the affidavit of Grover L. Asbury, an officer of the appellee, Sovereign Coal Corporation, states that the base of the crane was 34 feet from the power line. In her complaint, the appellant asserted that the appellee violated federal and state laws with respect to the safety of the working area where the decedent was killed. However, no evidence was submitted by the appellant in response to the appellee's affidavits to indicate the nature of such alleged safety violations.

Furthermore, as we stated in *Employers' Liability Assurance Corporation v. Hartford Accident and Indemnity Company*, 151 W.Va. 1062, 1079, 158 S.E.2d 212, 221 (1967): "If a denial in a pleading should be given the effect of creating an issue a mere denial alone at any time could defeat the remedy afforded by the summary judgment proceeding." [4]

Therefore, upon a careful examination of the record, we are of the opinion that no genuine issue of fact exists concerning the appellant's cause of action, and the circuit court was correct in granting the appellee's motion for summary judgment.

Accordingly, the final order of the Circuit Court of Mercer County, West Virginia, is hereby affirmed.

Affirmed.

---

**4.** In *Sumner v. Adel Banking Company*, 244 Ga. 73, 259 S.E.2d 32 (1979) the Court found no error in the entry of summary judgment for the appellee where the appellant filed no counter-affidavit or other evidence. 259 S.E.2d at 35. In *Garrett v. Reese*, 262 S.C. 327, 204 S.E.2d 432 (1974) the Court held as follows:

Where the appellant relies solely upon the pleadings, files no counter-affidavits, and makes no factual showing in opposition to a motion for summary judgment, the lower court is required under this rule, to grant summary judgment, if, under the facts presented by the respondent, he was entitled to judgment as a matter of law.

204 S.E.2d at 433.

In *Napier v. Napier*, 119 Ga.App. 143, 166 S.E.2d 583 (1969), the Court held as follows: "Where the plaintiff's motion for summary judgment is supported by an affidavit setting out factual averments sufficient to authorize recovery, and no counteraffidavit or other evidence is offered by the defendant, the motion should be granted." 166 S.E.2d at 583.