■ STATE DIVISION OF HUMAN RIGHTS, Respondent, v STATE UNIVERSITY COLLEGE OF NEW YORK AT FREDONIA, Petitioner.—Petition unanimously granted, without costs, order and determination of State Human Rights Appeal Board annulled and that of the Division of Human Rights dismissing the complaint reinstated. Memorandum: The sole issue before respondent State Human Rights Appeal Board (the board) on complainant's appeal from the determination of the Division of Human Rights dismissing the complaint herein was whether that determination was arbitrary and capricious and unsupported by the record before the division. Because one of the advertised qualification requirements for the position of director of continuing education at the State University College at Fredonia was possession of a master's degree, which complainant had and which the selected candidate, a male, did not have, complainant alleged that the university discriminated against her because she is a woman. There was evidence that the successful candidate had qualified for his master's degree and expected soon to receive it. Upon receipt of the complaint the division conducted an extensive investigation, which developed that the committee to find candidates for the position to be filled at the university agreed that minimal requirements therefor "are understood to be the following: Administrative experience, Academic experience and Master's degree". The committee minutes show, "Subsequent clarification by President Beal was to the effect that the lack of

a Master's degree could be offset by outstanding credentials in other areas". The committee received 186 applications for the position, of which eight were from women. It selected therefrom 12 names which seemed best qualified, and reduced that list to five names. All of these five were interviewed by the committee, which then reduced the number to three and sent those names to Vice-President Rowland of the university, from which the appointment should be made. That list comprised one woman (the complainant) and two men. One of the men was Richard Goodman who was employed by the university in another capacity and was well known by the deans and administrators thereof. A canvass of the preference of the deans and certain others at the university showed unanimous support for Mr. Goodman; Vice-President Rowland recommended to the president that he be appointed; and he was. In this proceeding to ascertain whether the university has been guilty of discrimination against a woman, the record of the division's investigation reveals that the university gave full consideration to women applicants. The rule cannot be that the failure to appoint a woman proves discrimination. There is evidence to support the division's conclusion that in good faith the university chose Mr. Goodman as better suited for the position which it sought to fill, and that there was not probable cause for the complaint. On this record it cannot be found that the university's action was the result of discrimination against women nor that the division was arbitrary and capricious in dismissing the complaint. Under the circumstances respondent board had no power to reverse the division's determination (see *State Div. of Human Rights v New York State Drug Abuse Control Comm.,* 59 AD2d 332). (Proceeding pursuant to Executive Law, § 298.) Present—Marsh, P. J., Dillon, Hancock, Jr., Denman and Witmer, JJ.