■ KENNETH C. RITCHIE, Petitioner, v NEW YORK STATE HUMAN RIGHTS APPEAL BOARD et al., Respondents.—Determination of the New York State Human Rights Appeal Board rendered May 24, 1979 which dismissed petitioner's complaint after a determination by the New York State Division of Human Rights that there was no probable cause that E. F. Hutton & Co., Inc., had engaged in unlawful discriminatory practices, confirmed on the merits, without costs. Petitioner's complaint of unlawful discriminatory practices was dismissed by the New York State Division of Human Rights (Division). Timely appeal was taken to the New York State Human Rights Appeal Board (Board), which dismissed the appeal upon the ground that the determination by Division was not made within the procedural time limits prescribed by law (Executive Law, § 297, subd 2). That section provides that Division shall, within 180 days after complaint is filed, determine whether or not the respondent has engaged in discriminatory practices. Here, Division failed to make the requisite determination and, accordingly, the Board dismissed petitioner's complaint. Despite the recent amendment to the Executive Law, it remains settled law that the time limitation imposed by subdivision 2 of section 297 is directory rather than mandatory *(Matter of Tessy Plastics Corp. v State Div. of Human Rights,* 62 AD2d 36, affd 47 NY2d 789). In the absence of a showing of actual prejudice to the employer, dismissal was not warranted. Notwithstanding the dismissal by the Board, we have carefully examined the entire record. Based upon that record, we conclude that the reason ascribed by petitioner for his termination could not, in fact, have been the reason. We are fortified in this conclusion by the list of employees submitted by the employer showing approximately 30 employees who suffer from the same impediment which petitioner claims gave rise to his discharge. In the circumstances, we confirm the determination of Division, thus doing what the Board should have done *(Callaghan v State Div. of Human Rights,* 72 AD2d 679). Concur—Bloom, J. P., Lane, Markewich, Lupiano and Ross, JJ.