■ SAMUEL VOLK, Petitioner, v STATE DIVISION OF HUMAN RIGHTS et al., Respondents.—Determination of the New York State Human Rights Appeal Board dated July 9, 1979, which annulled the instant complaint after a determination by the New York State Division of Human Rights that there was no probable cause that the respondent, Yeshiva University, had engaged in unlawful discriminatory practices, confirmed on the merits, without costs and without disbursements. The determination and order of the

division dated June 4, 1979, stated that petitioner who was 69 years old when he filed his complaint in 1977, had been employed in a teaching and professorial capacity by respondent since 1939, became disabled in 1972 with an ulcer, and suffered a severe heart attack in 1976. Petitioner, a Judaic scholar of renown, was kept on respondent's payroll until April, 1977 on the assumption he would resume work. Petitioner did not offer substantial medical evidence that he was physically capable of performing the duties of the position he sought to reacquire. He is now living in Miami Beach, Florida. The division determined that there was no probable cause that Yeshiva University engaged in unlawful discriminatory practices. We have examined the contentions of the petitioner and the findings of the New York State Division of Human Rights and confirm that, under the circumstances, there was no evidence of discrimination. In examining the record, this court has had to do that which the New York State Human Rights Appeal Board should have done when this complaint was before it. The board annulled the division's determination without examining the merits on the ground that the division had unreasonably exceeded the statutory time limit of 180 days (Executive Law, § 297, subd 2) from the filing date of the complaint to the date of its final order and determination, and that section 297-a (subd 7, par c) of the Executive Law required dismissal of the complaint on the theory that the time limits are mandatory. As we recently held in *Matter of Callaghan v State Div. of Human Rights* (72 AD2d 679, 680), "The extended time limits provided by the recent amendment of section 297 (L 1977, ch 729, §§ 1, 2) are directory, not mandatory". Concur—Kupferman, J. P., Fein, Sandler and Sullivan, JJ.