■ In the Matter of ELINOR BOICE, Petitioner, v STATE HUMAN RIGHTS APPEAL BOARD et al., Respondents.—Proceeding pursuant to section 298 of the Executive Law to review a determination of the State Human Rights Appeal Board, filed March 21, 1979, which affirmed an order of the State Division of Human Rights dismissing petitioner's complaint of unlawful sex discrimination. In 1974 petitioner was notified that she would not be reappointed to her position as an assistant professor at the State University of New York College at New Paltz for the 1975-1976 academic year. Her efforts to have this decision reversed were unsuccessful and she filed a complaint alleging unlawful sex discrimination with the State Division of Human Rights in April of 1975. Following an investigation and a determination of probable cause, the division scheduled a hearing which was conducted on seven dates between April 5, 1976 and June 30, 1977. The case in support of petitioner's assertions was presented by an attorney for the division who also cross-examined numerous witnesses called by the institution. On June 8, 1978, the commissioner dismissed the complaint on findings which agreed with those of the hearing examiner and, on March 21, 1979,

the respondent State Human Rights Appeal Board affirmed his order. Petitioner then commenced the instant proceeding urging annulment of the board's determination on contentions that she was denied due process in the legal representation she received at the hearing and that the institution's treatment of a male employee revealed its discriminatory practice against her. We find that both of these arguments are without merit. Considerations of due process do not require that a claim such as petitioner's be presented by one of the division's attorneys; the matter is purely one of legislative direction (Executive Law, § 297, subd 4, par a). The record demonstrates full compliance with that provision and any dissatisfaction petitioner may have experienced with the legal representation she received could have been avoided had she exercised her options under its terms and secured her own attorney. Moreover, the record fails to disclose any objection to or inadequacy in the representation actually provided. The issues raised in regard thereto by the instant petition, even if accepted as true, would not lead us to conclude that a statutory or constitutional defect undermined the board's final determination. The substantive basis for denying reappointment to petitioner was exhaustively detailed in the course of a hearing which produced over 600 pages of stenographically transcribed minutes. A review of the transcript illustrates that it was petitioner's consistent failure to demonstrate progress in obtaining a doctoral degree, not sexual bias against her, which prompted her termination from employment. There is overwhelming evidentiary support for the board's affirmance of the commissioner's decision and, therefore, we are obliged to confirm its determination (State Div. of Human Rights v Columbia Univ. in City of N. Y., 39 NY2d 612; State Div. of Human Rights v Syracuse Univ., 46 AD2d 1002, mot for lv to app den 36 NY2d 643). The continuation of another employee, whose status was arguably similar to petitioner's, does not impress us since the retention of his services, according to the institution, was not founded on a distinction of sex. The board upheld the commissioner's acceptance of the employer's explanation and substantial evidence supports its resolution of the question. In any event, it would not be logically correct to suppose that the retention of an unsatisfactory male necessarily implies unlawful discrimination in the decision to release an unsatisfactory female employee. The duties of a given position are rarely identical in practice and mere errors in evaluating performance or worth to the employer would not be subject to correction as unlawful practices under the Executive Law (cf. State Div. of Human Rights v State Univ. Coll. of N. Y. at Fredonia, 60 AD2d 969). Lastly, although the claim of actual prejudice voiced by the employee lacks demonstrable substance, we note that the commissioner failed to render a determination within six months of August 5, 1977, the effective date of chapter 729 of the Laws of 1977 (Executive Law, § 297, subd 4, par c). In fact, the determination was not made until more than seven months after the hearing examiner issued his report upon completion of the hearing. There is no apparent reason for such a protracted delay beyond the recently expanded time period contained in that legislation and we do not condone it (see Matter of Gamble v State Human Rights Appeal Bd., 71 AD2d 165). Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Greenblott, Sweeney, Kane and Main, JJ., concur.