■ STATE DIVISION OF HUMAN RIGHTS on Complaint of SOLOMON I. CAMPBELL, Petitioner, v ROCHESTER PRODUCTS DIVISION OF GENERAL MOTORS CORPORATION, Respondent.—Determination unanimously confirmed and petition dismissed, without costs. Memorandum: Petitioner seeks review pursuant to Executive Law § 298 of the decision and order of the State Division of Human Rights dismissing his complaint which charged Rochester Products Division of General Motors with unlawful discriminatory practices in the matter of employment because of his creed and race. Following its investigation the Division found that probable cause did exist to sustain the complaints and the consolidated cases were referred to public hearing. Subsequent to the hearing before an administrative law judge and based upon his recommendations, the Commissioner of Human Rights issued findings of fact, an opinion, decision and order in which it was found that Rochester Products had not discriminated against petitioner on the basis of his creed and race, and dismissed the complaint.

In reviewing an administrative decision, this court may not substitute its judgment for that of the agency and where conflicting evidence exists, it is for the administrative board or agency to pass upon the credibility of witnesses and to base its inferences on what it accepts as the truth (*Matter of CUNY-Hostos Community Coll. v State Human Rights Appeal Bd.,* 59

NY2d 69, 75; *300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176; *see also*, Executive Law § 298), and we must confirm the determination so long as it is based on substantial evidence.

We agree that there is substantial evidence to support the findings of the Commissioner. With respect to the complaint that the employer's failure to accommodate petitioner for the purpose of attending a church dedication is indicative of unlawful religious discrimination, the Commissioner credited the testimony offered by the employer and found that petitioner did not inform his supervisors of the religious basis of his request until it was much too late to accommodate him. An employee's failure to inform his employer of his religious needs and to assist in the accommodation process may be fatal to the right of the employee to have his beliefs accommodated by his employer and may constitute a waiver of such right (*see, Chrysler Corp. v Mann,* 561 F2d 1282, *cert denied* 434 US 1039; *Matter of Adelson v New York State Human Rights Appeal Bd.,* 79 AD2d 720, 721). Further, with relation to the charge that the employer had unlawfully discriminated against petitioner by reason of his race on two occasions, the Commissioner attached credibility to petitioner's supervisor in both incidents. Moreover, the hearing was conducted in a fair and impartial manner and the record is barren of any evidence that the administrative law judge was biased or that petitioner received inadequate legal representation. In any event petitioner was not prejudiced by the delay, if any, in reaching the determination (*see, State Div. of Human Rights v City School Dist.,* 75 AD2d 1009; *Volk v State Div. of Human Rights,* 73 AD2d 510; *Ritchie v New York State Human Rights Appeal Bd.,* 72 AD2d 718). Further, had petitioner been dissatisfied with the Division attorney, he could have secured his own attorney in accordance with the statute (Executive Law § 297 [4] [a]; *Matter of Boice v State Human Rights Appeal Bd.,* 73 AD2d 711). (Proceeding pursuant to Executive Law § 298.) Present—Callahan, J. P., Boomer, O'Donnell, Pine and Schnepp, JJ.