346 S.E.2d 557

**MONTGOMERY GENERAL HOSPITAL**

v.

**WEST VIRGINIA HUMAN RIGHTS COMMISSION and Pamela C. Evans Franco.**

No. 17028.

Supreme Court of Appeals of West Virginia.

July 10, 1986.

---

Sharon M. Mullens, Asst. Atty. Gen., Charleston, for appellants.

Fred Holroyd, Holroyd & Yost, Charleston, for appellee.

PER CURIAM:

The West Virginia Human Rights Commission and Pamela Franco appeal from a final order, dated April 12, 1985, entered in the Circuit Court of Fayette County, reversing the Commission's order of April 1, 1982, which found that Montgomery General Hospital unlawfully discriminated against Franco when it discharged her from employment because she was pregnant. We now reverse the order of the circuit court and reinstate the decision of the Commission.

I

Pamela Franco worked at Montgomery General Hospital as a clerk, half-time in the

pharmacy and half-time in the stores department. At the time she was hired, Franco was pregnant but unaware of her condition. She indicated in her employment application that she was not pregnant. The hospital administered a pre-employment physical examination including urine and blood tests, but not a test for pregnancy.

Franco was terminated after working approximately four months. At the time of the termination, certain personnel who worked part-time or had less seniority in the pharmacy than Franco were retained. She filed a complaint with the West Virginia Human Rights Commission (Commission) charging that the hospital had discriminated against her on the basis of sex. In its answer, the hospital denied the alleged discrimination and stated that the complainant was fired for cause but did not specify the cause.

The Commission found probable cause that the hospital had engaged in unlawful discrimination based upon sex. Following a public hearing, the hearing examiner forwarded her recommendations to the Commission.

The Commission determined that the complainant carried her burden of proving a case of unlawful sex discrimination. Accordingly, the Commission ordered the complainant reinstated with back pay and awarded damages against the hospital for consequential monetary loss, emotional distress and embarrassment.[1] The hospital appealed.

The Circuit Court of Fayette County concluded that the final order of the Commission was clearly wrong and reversed it.

The Commission and the complainant contend that the circuit court erred by failing to adhere to the limited scope of review prescribed by *W.Va.Code,* 29A–5–4 [1964], and by failing to analyze the evidence of discrimination in accordance with the correct legal standard.

II

At the outset we note that the employer does not dispute that employment discrimination based upon pregnancy is an unlawful discriminatory practice. For our decision in this case to rest on a solid foundation, we restate the holding that "[d]iscrimination based upon pregnancy constitutes illegal sex discrimination under the West Virginia Human Rights Act, *W.Va.Code,* 5–11–9(a) [1981]." Syl. pt. 2, *Frank's Shoe Store v. West Virginia Human Rights Commission,* W.Va., 365 S.E.2d 251 (1986).

The basic framework of an unlawful discrimination case is outlined in syl. pt. 1 of *State ex rel. State Human Rights Commission v. Logan-Mingo Area Mental Health Agency, Inc.,* 174 W.Va. 711, 329 S.E.2d 77 (1985):

'In an action to redress unlawful discriminatory practices in employment and access to "place[s] of public accommodations" under the West Virginia Human Rights Act, *as amended, W.Va.Code,* 5–11–1 *et seq.,* the burden is upon the complainant to prove by a preponderance of the evidence a prima facie case of discrimination.... If the complainant is successful in creating this rebuttable presumption of discrimination, the burden then shifts to the respondent to offer some legitimate and nondiscriminatory reason for the rejection. Should the respondent succeed in rebutting the presumption of discrimination, then the complainant has the opportunity to prove by a preponderance of the evidence that the reasons offered by the respondent were merely a pretext for the unlawful discrimination.' Syl. pt. 3, in part, *Shepherdstown VFD v. West Virginia Human Rights Commission,* 172 W.Va. 627, 309 S.E.2d 342 (1983).

This model, derived from *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), and *Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67

---

1. The back pay and damage awards were not challenged in the circuit court and are not un- der review in this appeal.

L.Ed.2d 207 (1981), was first adopted by this Court in *Shepherdstown Volunteer Fire Department v. State ex rel. State Human Rights Commission,* 172 W.Va. 627, 309 S.E.2d 342 (1983).

■ In the case now before us, the Commission formulated the following prima facie case:

(a) that the Complainant belongs to a protected group; (b) that she is qualified to obtain or remain in that position; (c) that she is not hired or that she is removed from her position regardless of her qualifications or length of service; and (d) that the Respondent thereafter sought or retained others with equivalent qualifications who were not pregnant.

Recognizing that the Commission may tailor the elements of a prima facie case to fit the type of discrimination, we believe that the initial burden imposed on the complainant by the Commission was appropriate. *See State ex rel. State Human Rights Commission v. Logan-Mingo Area Mental Health Agency, Inc., supra,* 174 W.Va. at 716–717, 329 S.E.2d at 83.

It is clear that the Commission correctly found that the complainant established a prima facie case of unlawful discrimination. This finding was not challenged by the hospital in the circuit court proceeding, nor was it disturbed by the circuit court.

■ It is equally clear that the hospital successfully rebutted the presumption of unlawful discrimination created by the complainant's prima facie case. Hospital officials testified that a decrease in the patient population was the reason for the termination of the complainant. The Commission properly determined that the hospital met its burden of articulating a legitimate nondiscriminatory reason. The employer "bears only the burden of explaining clearly the nondiscriminatory reasons for its actions." *Texas Department of Community Affairs v. Burdine, supra,* 450 U.S. at 260, 101 S.Ct. at 1097, 67 L.Ed.2d at 219, *cited in State ex rel. State Human Rights Commission v. Logan-Mingo Area Mental Health Agency, Inc., supra,* 174 W.Va. at 720, 329 S.E.2d at 86. *See also*

*Shepherdstown Volunteer Fire Department v. State ex rel. State Human Rights Commission, supra,* 172 W.Va. at 637, 309 S.E.2d at 352.

The Commission ultimately found, however, that the reason offered by the hospital to explain the termination was a pretext. *See generally State ex rel. State Human Rights Commission v. Logan-Mingo Area Mental Health Agency, Inc., supra,* 174 W.Va. at 720–721, 329 S.E.2d at 87. The circuit court reversed the Commission's decision on the grounds that the finding of a pretext was arbitrary, capricious, clearly wrong and not supported by substantial evidence.

■ Syl. pt. 2 of *Shepherdstown Volunteer Fire Department v. State ex rel. State Human Rights Commission, supra,* enunciates the limited scope of a circuit court's review of a Commission decision:

Upon judicial review of a contested case under the West Virginia Administrative Procedure Act, Chapter 29A, Article 5, Section 4(g), the circuit court may affirm the order or decision of the agency or remand the case for further proceedings. The circuit court shall reverse, vacate or modify the order or decision of the agency if the substantial rights of the petitioner or petitioners have been prejudiced because the administrative findings, inferences, conclusions, decisions or order are: '(1) In violation of constitutional or statutory provisions; or (2) In excess of the statutory authority or jurisdiction of the agency; or (3) Made upon unlawful procedures; or (4) Affected by other error of law; or (5) Clearly wrong in view of the reliable, probative and substantial evidence on the whole record; or (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.'

*See also* syl. pt. 3, *State ex rel. State Human Rights Commission v. Logan-Mingo Area Mental Health Agency, Inc., supra; Frank's Shoe Store v. West Virginia Human Rights Commission, supra,* W.Va., 365 S.E.2d at 254.

■ This Court has also stated: "West Virginia Human Rights Commission's findings of fact should be sustained by reviewing courts if they are supported by substantial evidence or are unchallenged by the parties." Syl. pt. 1, *West Virginia Human Rights Commission v. United Transportation Union, Local No. 655,* 167 W.Va. 282, 280 S.E.2d 653 (1981). *See also* syl. pt. 4, *State ex rel. State Human Rights Commission v. Logan-Mingo Area Mental Health Agency, Inc., supra;* syl. pt. 1, *Frank's Shoe Store v. West Virginia Human Rights Commission, supra.*

Thus, in this case, if the Commission's finding—that the hospital's preferred reason for terminating the complainant was a pretext—is supported by the substantial, reliable and probative evidence on the whole record, then the Commission's determination of the hospital's violation of *W.Va.Code,* 5–11–9(a) [1981], must be sustained.

The Commission's finding of pretext was based on the following evidence adduced at the public hearing: testimony, from a coworker of the complainant who at the time of the hearing was still employed by the hospital and whom the hearing examiner considered to be "disinterested and highly credible," that complainant's superiors were seeking an excuse to fire her, despite undisputed evidence that the complainant's work performance was good; contradictory testimony of the hospital's witnesses, including evidence that the hospital hired a full-time pharmacy worker subsequent to the purported drop in patient population; lack of an explanation for retention of a less senior worker as well as a part-time worker in the pharmacy; evidence that the complainant was equally qualified for the position in which the hospital retained a less senior worker; lack of consistency in the hospital's expression of reasons for terminating the complainant, beginning with the initial answer to the complaint, stating that the complainant was terminated for cause, a position the hospital did not prove and subsequently abandoned.

The Commission also found that the complainant had seniority rights and that these rights were disregarded when the hospital terminated her while retaining a less senior employee. The circuit court ruled, however, that the Commission's finding was wrong because the complainant was probationary, not permanent, and was therefore not yet eligible for any benefit tied to seniority.

The hospital's personnel policy manual stated: "Job seniority is the amount of time employed in a permanent status in a job classification of the seniority group...." The manual also provided that seniority be the determinative factor in establishing the order in which employees would be laid off in case of a reduction in force.

■ The existence or nonexistence of seniority rights, though pertinent, is not dispositive of the question of whether unlawful sex discrimination has occurred.[2] The retained worker, who had worked less time than the complainant, was also a probationary employee, and was thus similarly situated with the complainant regarding entitlement to seniority benefits. Under these circumstances, the Commission did not abuse its discretion when it considered the complainant's longer service as one factor in the overall assessment of whether the hospital's reason for termination was a pretext.

■ We conclude that the circuit court exceeded the bounds of the proper scope of review. The Commission's finding of pretext was supported by substantial evidence on the whole record. The court should not have substituted its judgment for that of the Commission, *Frank's Shoe Store, supra,* 365 S.E.2d at 255,[3] particularly where

---

**2.** This case should not be confused with an action for breach of contract asserting rights under a personnel handbook or manual. *See Cook v. Heck's Inc.,* 176 W.Va. 368, 342 S.E.2d 453 (1986). The complainant here did not seek to have the Commission enforce a provision of the personnel manual.

**3.** *See also Harrison v. Ginsberg,* 169 W.Va. 162, 174, 286 S.E.2d 276, 283 (1982), and *State ex rel. Hawkins v. Tyler County Board of Education,* 166 W.Va. 363, 377–378, 275 S.E.2d 908, 918 (1981) (Neely, J., dissenting).

the fact-finding depended on the hearing examiner's assessment of credibility of witnesses. *See Anderson v. City of Bessemer City,* 470 U.S. 564, 576–577, 105 S.Ct. 1504, 1512–13, 84 L.Ed.2d 518, 529–30; *Griessenauer v. Department of Energy,* 754 F.2d 361, 364 (Fed.Cir.1985); *Citizens Bank v. West Virginia Board of Banking & Financial Institutions,* 160 W.Va. 220, 230, 233 S.E.2d 719, 726 (1977); *State Division of Human Rights v. Rochester Products Division,* 112 A.D.2d 785, 785, 492 N.Y.S.2d 282, 283 (1985); *Appeal of Levos,* 214 Neb. 507, 514, 335 N.W.2d 262, 267 (1983); *Mellow Yellow Taxi Co. v. Public Utilities Commission,* 644 P.2d 18, 20 (Colo.1982). *See generally* 73A C.J.S. § 233 (1983).

For the foregoing reasons, the final order of the Circuit Court of Fayette County is reversed and the final order of the West Virginia Human Rights Commission is reinstated.

Reversed.

NEELY, J., dissents on the grounds that the circuit court applied the correct standard of review and its findings should not be reversed.