369 S.E.2d 720

**McJUNKIN CORPORATION**

v.

**WEST VIRGINIA HUMAN RIGHTS COMMISSION; Russell Van Cleve, Chairman; and Perry Sumner.**

No. 17932.

Supreme Court of Appeals of West Virginia.

April 22, 1988.

**418**

Charles G. Brown, Atty. Gen., Sharon Mullens, Asst. Atty. Gen., Charleston, for WVHRC, Russell Vancleve, Perry Sumner.

Ricklin Brown, Charleston, for McJunkin Corp.

McHUGH, Chief Justice:

This case is before this Court upon appeal pursuant to *W.Va.Code*, 29A-6-1 [1964], part of the State Administrative Procedures Act. It arises from a final order of the Circuit Court of Kanawha County wherein the trial court reversed the findings of the West Virginia Human Rights Commission (hereinafter "the Commission"), which had determined that the appellee was guilty of an unlawful discriminatory practice under the West Virginia

Human Rights Act, specifically, *W.Va. Code*, 5-11-9 [1981].

The appellants are the West Virginia Human Rights Commission and Perry Sumner. The Commission is the state administrative agency charged with enforcement of the West Virginia Human Rights Act. Mr. Sumner is the aggrieved former employee of McJunkin Corporation.

The appellee, McJunkin Corporation, is a West Virginia corporation with its principal corporate offices located in Charleston, West Virginia, and with operations in eighteen states.

## I

The appellant, Perry Sumner, began working for the appellee in August of 1978. He was hired to drive trucks, principally tractor trailers, based in Princeton, West Virginia. Mr. Sumner was laid off on May 6, 1983, and it is undisputed by the parties that the appellant's layoff was a result of serious economic difficulties encountered by the appellee. The appellant was 45 years old at the time of his termination.

On July 5, 1983, the appellant filed two complaints with the Commission alleging that his termination from his truck driving position constituted an illegal discriminatory practice based upon age and upon a physical handicap. The Commission subsequently conducted an investigation of these complaints and determined that probable cause existed for substantiating the allegations of the complaint, pursuant to *W.Va. Code*, 5-11-10 [1987].[1] A hearing on the complaints was held before one of the Commission's hearing examiners.

Subsequent to the filing of the complaints in this proceeding, the appellee rehired at least two employees who had been laid off. Although evidence was introduced at the appellant's hearing regarding at least one of the rehires, the appellant had at no time from the date of filing the original age discrimination complaint on

---

1. Despite the Commission's probable cause determination, the appellant never presented a case regarding discrimination based upon handicap. Subsequently, the appellant waived any claim of handicap discrimination, and the Commission ultimately concluded that the appellant had not met his burden of proof regarding this particular contention.

July 5, 1983, alleged, pleaded or amended his original complaint to include an unlawful discrimination allegation based upon the appellee's failure to rehire him. Nevertheless, the hearing examiner filed his recommended decision on March 5, 1985, in which he determined that the appellant had not met the requisite burden of proof to show age discrimination in the layoff which occurred in the spring of 1983, but that he had demonstrated that he was the victim of illegal age discrimination when the appellee failed to rehire him later that year.

The Commission entered its final order which adopted "the Findings of Fact and Conclusions of Law [of the Hearing Examiner] as its own." [2] The appellee then filed a petition for an administrative appeal in the Circuit Court of Kanawha County, pursuant to *W.Va.Code,* 29A–5–4(b) [1964]. The circuit court reversed the Commission's order, holding that the decision was not supported by substantial evidence on the whole record presented to the court.

## II

The narrow issue before this Court is whether the illegal layoff charge maintained in the appellant's complaint to the Commission encompassed an allegation of an illegal failure to rehire where no additional complaint relating to rehire and no amendments to the original complaint relating to such were filed within 180 days after the alleged discriminatory failure to rehire.[3]

■ The appellant contends that although the allegation of an illegal failure to rehire was not specifically charged in the complaint, it was heard by the express or implied consent of the parties and should thus be treated as if it had been raised in the pleadings.[4]

On the other hand, the appellee maintains that the appellant, from the date of filing the complaint on July 5, 1983, through and including the date of the hearing examiner's decision, never alleged or otherwise argued that he had been discriminated against because of the appellee's failure to rehire him to his job as a tractor-trailer driver. The appellee emphasizes that the appellant did not amend the complaint and that the appellee was not given notice that the rehire issue was to be an issue in the discrimination complaint or at the hearing.

The requisite notice provision for complaints filed in human rights proceedings in

---

**2.** Order of the West Virginia Human Rights Commission, p. 1 at para. 1.

**3.** Because of the decision we reach regarding this particular issue, we need not address the additional issues addressed by the parties.

**4.** In this regard, the appellants cite Rule 7.21 of the rules and regulations pertaining to practice and procedure before the Commission. That rule states:

> 7.21. Issues not in the pleadings.—When issues not raised in the complaint, as amended[,] or answer, as amended, are heard by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendments of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after final order; but failure to so amend shall not affect the adjudication of the hearing of these issues.

> Contrary to the appellant's assertions, a review of the record reveals that the issue concerning the appellee's failure to rehire the appellant after his layoff was not heard by the express or implied consent of the parties.

A reading of the transcript of the appellant's hearing as well as the proposed findings of fact and conclusions of law submitted by the parties at the hearing examiner's request reveals that evidence concerning the rehire of a younger employee was introduced to demonstrate that the appellant was replaced by a person outside the protected age group, thereby establishing one of the requisite criteria for a complainant to prove a prima facie case of age discrimination. *See Price v. Maryland Casualty Co.,* 561 F.2d 609, 612 (5th Cir.1977); *see also Appellant's Post–Hearing Brief in Support of His Contention of Age Discrimination* at 4, 6–7.

The issue relating to the failure to rehire the appellant was specifically raised for the first time by the hearing examiner in his proposed order and decision which was ultimately adopted verbatim by the Commission. Thus the appellee first addressed the egregiousness of the hearing examiner's error in the exception and memorandum of law filed with the Commission after the hearing examiner issued his proposed order and decision. Based upon the foregoing, the appellee cannot be said to have expressly or impliedly allowed the issue to be heard.

West Virginia is found in *W.Va.Code,* 5–11–10 [1987], which provides in pertinent part:

Any individual claiming to be aggrieved by an alleged unlawful discriminatory practice shall make, sign and file with the commission a verified complaint, which shall state the name and address of the person, employer, labor organization, employment agency, owner, real estate broker, real estate salesman or financial institution alleged to have committed the unlawful discriminatory practice complained of, and which shall set forth the particulars thereof and contain such other information as may be required by the commission's rules and regulations.... Any complaint filed pursuant to this article must be filed within one hundred eighty days after the alleged act of discrimination.[5]

In addition, the Commission has promulgated rules and regulations regarding practice and procedure before it which are helpful in the resolution of this case. Rule 3.6(a) is particularly instructive and states:

(a) The Commission or the complainant may amend a complaint or any part thereof to cure technical defects or omissions, ... to clarify and amplify allegations made therein, when such amendments relate back to the original filing date; *Provided, however,* That an amendment alleging additional acts constituting unlawful discriminatory practices not related [to] or growing out of the subject matter of the original complaint will be permitted only where at the date of the amendment the allegations could have been timely filed as a separate charge.

(emphasis in original)

This rule envisions that a complaint can be amended when necessary by either a complainant or the Commission to amplify or clarify allegations made in the original complaint which relate back to the original filing date. However, amendments alleging additional subsequent discriminatory practices which are not related to or do not grow out of the allegations in the original complaint are permitted only if, at the date of the amendment, those allegations could be timely brought as a separate charge.

■ It is fundamental that "[d]ue process of law, within the meaning of the State and Federal constitutional provisions, extends to actions of administrative officers and tribunals, as well as to the judicial branches of the governments."[6] Syl. pt. 2, *State ex rel. Ellis v. Kelly,* 145 W.Va. 70, 112 S.E.2d 641 (1960); *accord, Allen v. State Human Rights Commission,* 174 W.Va. 139, 156, 324 S.E.2d 99, 117 (1984); syl. pt. 5, *State ex rel. Bowen v. Flowers,* 155 W.Va. 389, 184 S.E.2d 611 (1971); syl. pt. 2, *State ex rel. Gooden v. Bonar,* 155 W.Va. 202, 183 S.E.2d 697 (1971).

The right to be heard in an adjudicatory proceeding before an administrative agency has no meaning unless notice is afforded. A. Neely, *Administrative Law in West Virginia* § 5.11, at 274 (1982). Clearly, notice is an issue of crucial importance throughout the adjudication of a contested case. Failure to provide adequate and timely notice in a contested case is significant if the parties are to have the opportunity to prepare a defense and cross-examine witnesses. *Id.*

The purpose of notice requirements is to make certain that the prospective party in a contested case is aware of the impending proceeding and its substance with sufficient certainty to be in a position to answer and participate. *See, e.g., Waite v. Civil Service Commission,* 161 W.Va. 154, 164–65, 241 S.E.2d 164, 170 (1977); *Weirton Ice & Coal Supply Co. v. Public Service Commission,* 161 W.Va. 141, 148, 240 S.E.2d 686, 690 (1977). As this Court has observed when considering the constitutional-

---

5. Prior to the amendment of *W.Va.Code,* 5–11–10 in 1987, the requisite statutory period for the filing of a complaint with the Commission was within ninety days after the alleged act of discrimination.

6. The due process clause is found in the fifth amendment to the *United States Constitution* and provides in pertinent part: "No person shall ... be deprived of life, liberty, or property without due process of law[.]" Parallel language is contained in article III, section 10 of our State *Constitution.*

ity of a particular statutory notice provision, "[n]otice contemplates meaningful notice which affords an opportunity to prepare a defense and to be heard upon the merits." *State ex rel. Hawks v. Lazaro*, 157 W.Va. 417, 440, 202 S.E.2d 109, 124 (1974).

Generally, a complaint before an administrative agency is not required to meet the standards applicable in a judicial proceeding. *See Board of Dental Examiners v. Hedrick*, 116 W.Va. 222, 224, 179 S.E. 809, 810 (1935); 2 Am.Jur.2d *Administrative Law* § 371 (1962); 73A C.J.S. *Public Administrative Law and Procedure* § 122 (1983). However, the complaint must set out facts sufficient to establish all the essential elements of a particular charge or charges, with the key being to provide the adversarial party with notice and an adequate opportunity to prepare. *See Consolidated Gas Supply Corp. v. Federal Energy Regulatory Commission*, 611 F.2d 951, 959 n. 7 (4th Cir.1979); 2 Am.Jur.2d *Administrative Law* § 371 (1962); 73A C.J.S. *Public Administrative Law and Procedure* § 122 (1983). In an administrative adjudication before the West Virginia Human Rights Commission, a complaint alleging a violation or violations of the West Virginia Human Rights Act, *W.Va.Code*, 5–11–1 to 5–11–19, as amended, must be sufficient to advise the adversarial party of the matters charged, and the charges must be adequately clear and specific to allow preparation of a defense.

The United States Court of Appeals for the Fourth Circuit has spoken to the precise issue facing us today, in *Lawson v. Burlington Industries, Inc.*, 683 F.2d 862 (4th Cir.), *cert. denied*, 459 U.S. 944, 103 S.Ct. 257, 74 L.Ed.2d 201 (1982). In *Lawson*, the plaintiff was laid off from his job on June 30, 1979, and on February 5, 1980, filed a charge with the Equal Employment Opportunity Commission (the EEOC), alleging unlawful discrimination based upon his age. The EEOC charge dealt exclusively with Burlington's decision to lay off the plaintiff while transferring a younger employee. Before Lawson filed discrimination charges, Burlington had offered him a clerical job at another location, but he refused the position because of the inadequate salary. The plaintiff then filed suit in district court in June, 1980, claiming that age discrimination was the motive behind both the layoff and the offer of a clerical position, which the plaintiff construed as a refusal to rehire him.

■ In affirming the district court's award of summary judgment, the Court of Appeals held that the charge filed with the EEOC only alleged discriminatory layoff and that the illegal layoff charge did not encompass the latter allegation of an illegal failure to rehire.[7] In so holding, the court found it well-established that a layoff from employment constitutes a completed act at the time it occurs [8] and that an employer's failure to recall or rehire does not constitute a continuing violation of the Age Discrimination in Employment Act, 29 *U.S.C.* §§ 621–634 (1982).[9] The court concluded that, regardless of the sufficiency of the original charge as to the claim of unlawful layoff, the notice did not satisfy the statutory requirement as to the claim of discriminatory recall. *See also Herman v. National Broadcasting Co.*, 744 F.2d 604, 606 (7th Cir.1984), *cert. denied*, 470 U.S. 1028, 105 S.Ct. 1393, 84 L.Ed.2d 782 (1985); *No-*

---

7. 29 *U.S.C.* § 626(d)(1) (1982) provides: "No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission. Such a charge shall be filed—(1) within 180 days after the alleged unlawful practice occurred; ..." The comparable state statutory provision in West Virginia is found in *W.Va. Code*, 5–11–10 [1987], cited *supra* in the body of this opinion.

8. *See Griffin v. Pacific Maritime Association*, 478 F.2d 1118 (9th Cir.), *cert. denied*, 414 U.S. 859,

94 S.Ct. 69, 38 L.Ed.2d 109 (1973); *Morris v. Frank IX & Sons, Inc.*, 486 F.Supp. 728 (W.D.Va. 1980); *Mobley v. Acme Markets, Inc.*, 473 F.Supp. 851 (D.Md.1979).

9. In granting summary judgment for the defendant, the district court concluded that with respect to the plaintiff's layoff on June 30, 1979, his charge of discrimination was filed more than 180 days after such layoff, and with respect to the failure-to-recall allegation, no charge of discrimination had been filed and more than 180 days had since passed.

gar v. Henry F. Teichmann, Inc., 640 F.Supp. 365, 369 (W.D.Pa.1985), aff'd without opinion, 800 F.2d 1137 (1986).

In the case now before us, the appellant's complaint alleged age discrimination based only upon his layoff which occurred on May 6, 1983. The complaint was filed on July 5, 1983, and none of the employees were recalled to any position until October, 1983. The appellant filed no amendments to the complaint to allege the additional charge of discriminatory failure to rehire, pursuant to the Commission's Rule 3.6(a), discussed supra in the body of this opinion. Moreover, an allegation of discriminatory rehire does not relate back to the original layoff allegation or the original filing date. Pursuant to W.Va.Code, 5–11–10 [1987], such amendment would had to have been filed within 180 days of the date of rehire of the other employees. Principles of fundamental fairness and due process require adequate notice of the issues to be litigated before an administrative agency so that the adversarial party may have an opportunity to defend and be afforded a full and fair hearing.

Based upon the foregoing, we conclude that an allegation of an illegal layoff contained in a complaint to the West Virginia Human Rights Commission does not encompass an allegation of an illegal failure to rehire where no allegation relating to such failure to rehire is filed or where no amendment regarding such failure is made to the complaint within 180 days after the failure to rehire. W.Va.Code, 5–11–10 [1987].[10]

■ Because the appellant failed to charge the appellee with discrimination based upon failure to rehire and thereafter failed to amend his complaint regarding the additional allegation within the statutory period following the rehire of another employee, the appellant was barred from raising that issue before the Commission. See Lawson, supra. Similarly, the hearing examiner erred in ruling on an issue that the appellant had not raised. Accordingly, where an issue is not raised by the complainant in a complaint to the West Virginia Human Rights Commission, the Commission's hearing examiner is precluded from independently raising the issue and deciding it on the merits where the respondent has not received adequate notice of the issue in the form of a complaint or an amendment thereto nor had an opportunity to defend his or her position, provided that the issue not raised in the complaint or an amendment thereto is not heard by the express or implied consent of the parties. Cf. Greyhound Lines–East v. Geiger, 179 W.Va. 174, 366 S.E.2d 135, 143 (1988) (West Virginia Human Rights Commission's granting of class relief reversed where record failed to disclose that Commission was seeking relief for other employees situated similarly to the complainant and where as a result, the company had no notice that the Commission was seeking such relief).

As noted supra in section I of this opinion, the Commission ultimately found that the appellee had committed a discriminatory practice in failing to rehire the appellant, notwithstanding the fact that that specific allegation was not alleged in a separate complaint or in an amendment to the complaint. The circuit court, however, reversed the Commission's decision on the ground that it was unsupported by the substantial evidence on the whole record.

Syllabus point 2 of Shepherdstown Volunteer Fire Dept. v. State ex rel. State Human Rights Commission, 172 W.Va. 627, 309 S.E.2d 342 (1983), concisely charts the process of judicial review to which the circuit court in such cases must adhere:

Upon judicial review of a contested case under the West Virginia Administrative Procedure Act, Chapter 29A, Article 5, Section 4(g), the circuit court may af-

---

10. The alleged act of discrimination in the case before us occurred in 1983, and the subsequent 1987 amendment to an 180–day filing requirement would ordinarily be inapplicable. However, this differentiation is unimportant in the case before us because the appellant never filed an additional complaint regarding the appellee's discriminatory failure to rehire and similarly never introduced amendments to the initial complaint. Thus, the appellant failed to adhere to the prescribed statutory time limitations found in W.Va.Code, 5–11–10 [1971], as well as its amended version in 1987 which extended the filing period to 180 days.

firm the order or decision of the agency or remand the case for further proceedings. The circuit court shall reverse, vacate or modify the order or decision of the agency if the substantial rights of the petitioner or petitioners have been prejudiced because the administrative findings, inferences, conclusions, decisions, or order are: '(1) In violation of constitutional or statutory provisions; or (2) In excess of the statutory authority or jurisdiction of the agency; or (3) Made upon unlawful procedures; or (4) Affected by other error of law; or (5) Clearly wrong in view of the reliable probative and substantial evidence on the whole record; or (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.'

See also syl. pt. 3, *Montgomery General Hospital v. West Virginia Human Rights Commission,* 176 W.Va. 580, 346 S.E.2d 557 (1986); *Frank's Shoe Store v. West Virginia Human Rights Commission,* 179 W.Va. 53, 56, 365 S.E.2d 251, 254 (1986); syl. pt. 3, *State ex rel. State Human Rights Commission v. Logan–Mingo Area Mental Health Agency, Inc.,* 285 W.Va. 53, 329 S.E.2d 77 (1985).

Based upon our earlier discussion in this opinion, we conclude that the Commission's ruling, which was based entirely on the hearing examiner's findings, was made in violation of constitutional due process principles and in violation of the statutory notice provisions embodied in *W.Va.Code,* 5–11–10 [1987] because the hearing examiner concluded that the appellee was guilty of an unlawful discriminatory act which had never been complained of by the appellant. *See W.Va.Code,* 29A–5–4(g)(1) [1964].

Although the circuit court's ruling in this matter was based on the insufficiency of the evidence on the record, this Court may uphold the circuit court's ruling on the ground we have cited above. As this Court held in syllabus point 3 of *Barnett v. Wolfolk,* 149 W.Va. 246, 140 S.E.2d 466 (1965): "This Court may, on appeal, affirm the judgment of the lower court when it appears that such judgment is correct on any legal ground disclosed by the record, regardless of the ground, reason or theory assigned by the lower court as the basis for its judgment." *See also Chambers v. Sovereign Coal Corp.,* 170 W.Va. 537, 539, 295 S.E.2d 28, 30 (1982); syl. pt. 2, *Environmental Products Co. v. Duncan,* 168 W.Va. 349, 285 S.E.2d 889 (1981).

For the foregoing reasons, the judgment of the Circuit Court of Kanawha County is affirmed.

Affirmed.

NEELY, J., deeming himself disqualified, did not participate in the consideration or decision of this case.