387 S.E.2d 118

**FOOTE MINERAL COMPANY**

v.

**WEST VIRGINIA HUMAN RIGHTS COMMISSION and Sandra Sheets.**

**No. 18670.**

Supreme Court of Appeals of West Virginia.

Nov. 3, 1989.

---

Carl F. Stucky, Jr. and Steven P. McGowan, Steptoe & Johnson, Charleston, for Foote Mineral Co.

Frank W. Porter, Jr., David L. Frecker, Porter, Little, Sheets & Fecker, Pomeroy, Ohio, and Brenda Craig Ellis, Asst. Atty. Gen., Charleston, for WVHRC and Sandra Sheets.

PER CURIAM:

This is an appeal by Foote Mineral Company from an order of the Circuit Court of Kanawha County in a sex discrimination case. The circuit court, while finding that Foote had not engaged in sex discrimination against the complainant, Sandra Sheets, ruled that Foote had retaliated against her for filing a discrimination claim by failing to rehire her after it had discharged her. On appeal, Foote claims that the circuit court improperly considered the rehiring issue and that the court erred in granting Ms. Sheets relief. After reviewing the record, this Court concludes that the circuit court did improperly consider the rehiring issue and reverses the circuit court's ruling on that point.

In February, 1971, Foote Mineral Company hired Sandra Sheets as a vacation relief employee. She was granted permanent employee status in January, 1975, and was assigned to work full time as a telephone switchboard operator. She also assisted with work in the personnel department and was temporarily assigned to the shipping department and temporarily worked for accounting and purchasing.

In the late 1970's, Foote undertook a study of the feasibility of replacing the telephone switchboard at which Sandra Sheets worked with an automated system. By July 7, 1978, an accountant projected that installation of the new system would save Foote $14,850 a year.

On July 18, 1978, eleven days after the findings relating to the cost advantages of the proposed telephone system, Sandra Sheets filed a Human Rights complaint against Foote. In that complaint she alleged that she had been the victim of gender-based discriminatory salary practices. Two days later she filed a second complaint, which alleged that she had been the victim of reprisals because of her sympathies with black employees. Later, she filed a third complaint, alleging that Foote had subjected her to sexual harassment in retaliation to her previous opposition to discriminatory practices.

While the complaints were being processed, Foote continued to assess the advisability of installing a new phone system. In due course, the decision was made to install it. Installation was scheduled for early October, 1979.

After the new phone system was installed, the appellant's position as a switchboard operator was abolished in October, 1979. At that time her job with Foote was terminated.

On October 23, 1979, Ms. Sheets filed a fourth complaint with the Human Rights Commission. In the fourth complaint she alleged that she had been dismissed from her job in reprisal for her filing previous complaints with the Human Rights Commission.

The Human Rights Commission resolved Ms. Sheets' first two complaints in favor of Foote. Ms. Sheets did not appeal from those rulings. Additionally, extensive

hearings were conducted on the firing complaint. At the conclusion of those hearings, the hearing examiner concluded that Ms. Sheets' employment had been terminated in retaliation for her filing the prior complaints and recommended that she be awarded damages.

The Human Rights Commission adopted the findings of the hearing examiner, except for the examiner's conclusion as to the amount of damages, and ordered that Foote pay Ms. Sheets $53,250 compensatory damages, with pre-judgment interest at the rate of 10% from October 5, 1979, until October 9, 1985, and $5,000 as damages for embarrassment, humiliation, emotional and mental distress, and loss of personal dignity.

Foote appealed the Commission's decision to the Circuit Court of Kanawha County. The circuit court reviewed the record and noted that Foote Mineral had undertaken a study of the feasibility of replacing the telephone system with which Ms. Sheets worked with an automated direct-dial phone system sometime prior to July 7, 1978, and prior to the date on which Ms. Sheets filed her first complaint. The court concluded:

> An early projection of the Accounting Manager, dated July 7, 1978, showed a potential annual savings of $14,850. Different systems were studied for approximately one year. A new system was scheduled for installation in October, 1979.

> In order for the projected savings to be calculated by July 7, 1978, it is apparent that Foote Mineral began studying the economic feasibility of replacing the PBH switchboard prior to July 7, 1978. The first of the petitioner's complaints was filed on July 18, 1978. Foote Mineral began studying the economic feasibility of replacing the PBH switchboard at least eleven days prior to the filing of the petitioner's first complaint. It is apparent that elimination of the PBH switchboard was undertaken for a legitimate business purpose, economic savings, not in retaliation for the petitioner filing

complaints with the Human Rights Commission.

The court concluded that, in view of the circumstances, the Human Rights Commission's findings that the complainant's position and employment were terminated as a reprisal for engaging in protected activities were not supported by the evidence. The court, therefore, reversed the Human Rights Commission's conclusion that the appellant's discharge was in reprisal for filing prior complaints.

The court, however, concluded that Ms. Sheets was not rehired for a position for which she was qualified as a reprisal for filing complaints with the Human Rights Commission. Based on Foote Mineral's failure to rehire, the court ruled that Ms. Sheets was entitled to back pay of $53,250 and was entitled to interest at 6% from the date wages would have been paid through July 5, 1981, and 10% per annum thereafter from the date each wage payment would have been made.

In the present appeal, Foote Mineral alleges that Ms. Sheets did not, in her complaint before the Human Rights Commission, assert refusal to rehire in reprisal for her filing human rights claims and that her complaint had involved only her dismissal. It also alleges that the complaint was not amended to include a charge relating to Foote Mineral's failure to rehire within 180 days. Foote takes the position that the rehiring charge was distinct from the dismissal charge and that since the complaint did not cover the rehiring charge, the Commission and circuit court improperly considered and adjudicated that claim. In taking this position, Foote Mineral relies upon *McJunkin Corp. v. Human Rights Com'n*, 179 W.Va. 417, 369 S.E.2d 720 (1988).

■ In the *McJunkin* case, which was decided after the Circuit Court of Kanawha County issued the ruling from which the present appeal is taken, this Court discussed the specific issue which Foote Mineral raises. The Court concluded, in syllabus point 3, that:

> An allegation of an illegal layoff contained in a complaint to the West Virginia Human Rights Commission does not

encompass an allegation of an illegal failure to rehire where no allegation relating to such failure to rehire is filed or where no amendment regarding such failure is made to the complaint within 180 days after the failure to rehire. *W.Va.Code,* 5–11–10 [1987].

The Court also reiterated the general principle that due process of law extends to administrative tribunals as well as to judicial branches of government and indicated that a complaint involving violations of the West Virginia Human Rights Act must be sufficient to advise an adversarial party of the matters charged. The Court reasoned that a complaint charging an illegal layoff was not sufficiently broad as to notify the adversarial party that there was a wrongful refusal to rehire pending. Accordingly, the Court concluded that where an issue presented was a wrongful dismissal or wrongful layoff, the Human Rights Commission was precluded from independently raising the issue of or deciding the merits of a failure to rehire.

■ In her brief in the present appeal, Sandra Sheets takes the position that her fourth complaint, filed on October 23, 1979, raised the rehiring issue. She claims that her complaint alleged that:

[S]he was retaliated against in the termination *and rehiring action taken by Foote Mineral Company* against her. (Emphasis added.)

A careful examination of the complaint does not support Ms. Sheets' contention. In the relevant portions of the complaint, Ms. Sheets stated:

The facts on which the aforesaid charge is based are as follows:

1. On October 5, 1979, I was dismissed from my job of switchboard operator at Foote Mineral Company, New Haven, West Virginia.

2. Mr. D.W. Mills, Personnel Manager, told me that Foote Mineral was eliminating the switchboard operator position.

3. I believe that I was terminated from my job because of reprisal actions, in that:

A. In July, 1978 my complaints ES–35–79, REP–48–79, and REP–49–79 were docketed with the West Virginia Human Rights Commission.

B. On July 21, 1978 the complaint ES–35–79 was served on the Respondent. On July 28, 1978 the complaints REP–48–79 and REP–49–79 were served on the Respondent.

C. On or about July 24, 1979, the letters of probable cause determination were mailed to the Respondent. Probable cause of discrimination was found for all three of the above complaints.

D. In August, 1978, the Respondent company, began a survey to see if it was feasible to eliminate the switchboard position. It was after the probable cause finding that the Respondent did eliminate my position. However, the book describing the new switchboard system at Foote Mineral Company does refer to a switchboard operator position.

There as absolutely no allegation that Ms. Sheets was claiming that Foote Mineral Company had discriminated against her by failing to rehire her. Nor can the Court find any document amending the complaint within 180 days after it was filed.

In view of the holding in the *McJunkin* case, this Court believes that Foote Mineral is correct in asserting that the Human Rights Commission and Circuit Court of Kanawha County erred in considering whether Foote Mineral took retaliatory action against Ms. Sheets by failing to rehire her and that the circuit court erred in granting her damages because Foote Mineral had failed to rehire her.

■ This Court concludes that the decision of the Circuit Court of Kanawha County, insofar as it held that Foote Mineral engaged in retaliatory action against Ms. Sheets by failing to rehire her, should be reversed, and that the circuit court's damage award based on that decision should be set aside. The Court also believes that the circuit court's ruling that Foote Mineral did not discriminate against Ms. Sheets for filing complaints is supported by the evidence that the decision to eliminate Ms. Sheets'

position, and consequently her job, is traceable to events which occurred before the filing of her first complaint. The circuit court's ruling relating to the dismissal is, therefore, affirmed.

Reversed in part; affirmed in part; award set aside.

WORKMAN, J., not participating.