402 S.E.2d 253

**Retha A. OSBORNE**

v.

**The WEST VIRGINIA HUMAN RIGHTS COMMISSION and Advance/Gregg Security.**

**No. 19838.**

Supreme Court of Appeals of West Virginia.

Feb. 7, 1991.

Robert S. Baker, Joseph Barbieri, Appalachian Research & Defense Fund, Inc., Beckley, Gloria M. Stephens, Welch, for Retha A. Osborne.

Daniel L. Stickler, Jackson & Kelly, Charleston, for Advance/Gregg Sec.

NEELY, Justice:

Ms. Retha Osborne was a dispatcher for Advance/Gregg Security (hereinafter "Advance") from 24 October 1984 to 7 August 1987. Advance provides security for U.S. Steel Mining Co.'s mining operation at Gary, West Virginia. Ms. Osborne has complained of sex discrimination in her place of employment. Advance customarily hired men as guards and women as dispatchers. It appears that while dispatchers were promoted only within the dispatcher unit, sometimes guards were promoted to supervisory positions over dispatchers. During Ms. Osborne's tenure as a dispatcher, two men were promoted to supervise dispatchers. Dispatchers protested the second promotion, so Advance removed the second man from the supervisory position and posted the job opening. Five women and the man who had temporarily held the job bid for the position.

Of the applicants, Ms. Osborne had the most seniority, and had been promoted once as a dispatcher. Nevertheless, Advance chose Dorothy Allen, the applicant with the least seniority, to fill the position. Ms. Osborne, frustrated that male guards were promoted on the basis of seniority, while female dispatchers were not promoted on the same basis, wrote a letter to Ron Osborne, the general manager of U.S.

Steel, in which she complained of Advance's promotion practices. She also inquired whether U.S. Steel had recommended the two men for the supervisory positions.[1] William Myers, U.S. Steel's manager of employee relations, wrote back to Ms. Osborne, saying that U.S. Steel did not exercise control over Advance's personnel decisions. He also forwarded to Advance's management a copy of his letter and Ms. Osborne's letter to him. Advance then discharged Ms. Osborne for "insubordination and indecent behavior."

In August 1987, Ms. Osborne submitted an "employment complaint background information" form to the West Virginia Human Rights Commission. On the form, she stated her belief that she was the victim of Advance's discrimination on the basis of sex and handicap. Non-lawyer Human Rights Commission personnel then drafted a sex discrimination complaint against Advance, but never filed a complaint alleging discrimination on the basis of retaliatory discharge. The Commission sent the complaint to Ms. Osborne to review, and she returned it with her signature. It is worth noting that the complaint addressed sex discrimination, and that there was nothing on the face of it to suggest that plaintiff was pursuing a claim for retaliatory discharge.

On 18 December 1987, the Commission issued a letter stating its determination that there was probable cause to believe that Advance engaged in unlawful sex discrimination. In June of 1988, with notice of an upcoming hearing, Advance filed an answer denying sex discrimination.

On 17 and 18 November 1988, a Human Rights Commission hearing examiner, Donald Pitts, held a public hearing on the sex discrimination claim.[2] He found that Advance's promotion and training policies discriminated against women, ordered Advance to cease and desist from its discriminatory training and promotion, and awarded Ms. Osborne her legal costs dealing with the discriminatory training and promotion claim. However, the examiner found that Ms. Osborne had been fired for her insubordinate conduct, and that there was no evidence that a man would have been treated differently. The examiner also ruled that, even had Ms. Osborne established a prima facie case that she had been fired because of her sex, Advance had a legitimate non-discriminatory reason to discharge Ms. Osborne and that Ms. Osborne failed to show that the reason was merely a pretext.

After the hearing, Ms. Osborne filed many exceptions to the hearing examiner's findings of fact and conclusions of law, including an allegation raising for the first time the claim of retaliatory discharge. Ms. Osborne then appealed that portion of the Commission's decision upholding her discharge, asking that we reverse that part of the decision and award her back pay from the time of her firing, and attorney's fees for that part of her claim.

Advance, in its brief, raised cross-assignments challenging those portions of the hearing examiner's decision favorable to Ms. Osborne. We do not consider those cross-assignments of error because Advance failed to raise them earlier by filing exceptions to the hearing examiner's decision.

I

On appeal, Ms. Osborne claims that this is a simple case of retaliatory discharge. However simple it may seem to appellant now, it was not so in the earlier proceedings. The case was tried below as a sex discrimination claim, and that is the claim against which Advance defended.

■ We cannot reverse the Commission's decision based on a theory that was not raised until after the hearing. In Syl. Pt. 2 of *McJunkin Corp. v. Human Rights*

---

**1.** According to Ms. Osborne, when the female dispatchers complained about the promotion of the two men to supervise them, they were told that U.S. Steel had recommended both men. Ms. Osborne wanted to know whether U.S. Steel had, in fact, recommended the men, or whether Advance had lied.

**2.** At the hearing, Ms. Osborne was represented by private counsel.

*Com'n,* 179 W.Va. 417, 369 S.E.2d 720 (1988), we said:

"In an administrative adjudication before the West Virginia Human Rights Commission, a complaint alleging a violation or violations of the West Virginia Human Rights Act, W.Va.Code, 5–11–1 to 5–11–19, as amended, must be sufficient to advise the adversarial party of the matters charged, and the charges must be adequately clear and specific to allow preparation of a defense."

In Syl. Pt. 4 of *McJunkin,* we said:

"Where an issue is not raised by the complainant in a complaint to the West Virginia Human Rights Commission, the Commission's hearing examiner is precluded from independently raising the issue and deciding it on the merits where the respondent has not received adequate notice of the issue in the form of a complaint or an amendment thereto nor had an opportunity to defend his or her position, provided that the issue not raised in the complaint or an amendment thereto is not heard by the express or implied consent of the parties."

■ Because the complaint as drafted was not sufficient to advise Advance of the retaliatory discharge claim, it would be unfair to decide that claim on appeal. The Human Rights Commission has filed a brief in which it admits that it handled this case poorly. The Commission admits that the complaint was poorly drafted by its non-lawyer personnel, apparently with little or no supervision by a lawyer. The Commission also claims that it has taken steps to prevent recurrences of what happened in the initial stages of this case. The Commission also indicates that it erred in not remanding the case, on its own motion, for further development of the retaliation issue.

Because it would be unfair to make Ms. Osborne pay for the Human Rights Commission's admitted mishandling of the case, we order that the case be remanded to the Human Rights Commission on the issue of Ms. Osborne's firing, where Ms. Osborne is to be permitted to amend her complaint to conform to her current theory of the case.

We leave undisturbed that part of the Human Rights Commission's decision addressing discriminatory promotion and training.

Remanded in part; affirmed in part.