413 S.E.2d 411

**SHERWOOD LAND COMPANY, a West Virginia Corporation, Plaintiff Below, Appellant,**

v.

**MUNICIPAL PLANNING COMMISSION OF THE CITY OF CHARLESTON, Barbara Wilkerson, President (Chairman) of the Municipal Planning Commission of Charleston, and Ruth Elam, Secretary of the Municipal Planning Commission of Charleston, Defendants Below, Appellees.**

No. 19762.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 25, 1991.

Decided Dec. 19, 1991.

Rehearing Denied Feb. 13, 1992.

Henry R. Glass, III, Lovett, Cooper & Glass, Charleston, for appellant.

John R. Hoblitzell, Karen Speidel Rodgers, Kay, Casto, Chaney, Love & Wise, Charleston, for appellees.

PER CURIAM:

This case is before us on appeal by the Sherwood Land Company, a West Virginia corporation, from a final order entered May 4, 1990, in the Circuit Court of Kanawha County, which affirmed the actions of the Charleston Municipal Planning Commission (MPC) in withdrawing its approval of the preliminary plat submitted for an addition to the Sherwood Forest Subdivision. The circuit court found that the MPC's decision to reconsider its approval was both procedurally and substantively correct and that the MPC had not acted in an arbitrary and capricious manner in withdrawing the approval. Sherwood Land argues that the MPC does not have the power to withdraw approval once it has been granted.

Sherwood Land filed a subdivision application with the MPC on December 3, 1986, seeking approval of a proposed addition to the Sherwood Forest Subdivision, which would include sixty-two new lots. The MPC held a hearing on the application on January 7, 1987. At the hearing, two individuals spoke in favor of the proposal and none spoke in opposition. However, one resident of the existing Sherwood Forest Subdivision did voice a concern that a second access road into the subdivision should be required. At the conclusion of this testimony, the MPC voted unanimously to approve the addition subject to the report of the City Engineer, the approval of the Sanitary Board, and certain minor map revisions which were to be completed upon the filing of the final plat.

After the MPC voted to approve the preliminary plat, David Alvis, the Planning Director for the City of Charleston, stamped the preliminary map as having received preliminary approval, "conditioned upon compliance with all applicable Subdivision Regulations, and subject to showing sewer service ... prior to final approval." Although the subject of a second access road to the subdivision had been discussed at the January 7 meeting, the MPC did not make its preliminary approval conditional upon either a report from the traffic engineer or the addition of a second access road to the plat.

Although apparently not required by the MPC, the City Traffic Engineer nevertheless reviewed the application. According to testimony by Mr. Alvis, this was done at the request of Kent Carper, a member of the MPC who also served as Public Safety Director for the City of Charleston. The Traffic Engineer indicated that he reviewed the plan on January 12, 1987, and approved it "with access reservation." He indicated on the map: "There *should* be a second access provided to Corridor 'G' for the total Sherwood Forest concept."

On January 28, 1987, Mr. Alvis sent a letter to the attorney for Sherwood Land. Mr. Alvis indicated that the MPC had ap-

proved the preliminary map for Sherwood Forest as submitted and stated that both he and the City Traffic Engineer felt that there should be some second access into the subdivision, but were aware of the physical limitations of the property. In another letter dated March 19, 1987, Mr. Alvis notified the attorney that the residents of the existing Sherwood Forest subdivision had expressed concern regarding the addition and had asked the MPC to hear their comments. A hearing was scheduled before the MPC for April 8, 1987. Mr. Alvis indicated that he would advise the MPC that it was too late to reconsider their approval of the addition.

At the April 8, 1987 meeting, the MPC voted, on its own motion, to reconsider the January 7 action regarding the Sherwood Forest addition. The MPC then reopened the hearing for discussion of the addition over the objection of the attorney for Sherwood Land. The MPC ultimately voted to rescind the approval that it had granted at the January 7 meeting.

Sherwood Land sought a writ of certiorari in the Circuit Court of Kanawha County, which was granted. The circuit court held hearings solely on the issue of whether the action of the MPC was arbitrary and capricious. The circuit court ultimately held that the action of the MPC was proper in all respects. It is from this decision that Sherwood Land appeals to this Court.

It is clear to us that the approval granted by the MPC at the January 7, 1987 meeting was preliminary in nature. The record indicates that this approval was conditioned upon receipt and compliance with the City Engineer's report, upon compliance with the approval of the Sanitary Board, and upon several revisions required to be made to the map prior to the filing of the final plat. The approval was also conditioned upon compliance with all subdivision regulations, as indicated on the stamp of approval placed upon the preliminary map and signed by Mr. Alvis. There is nothing in the record to show that these conditions were met prior to the time that the MPC reconsidered its preliminary approval. Additionally, there is no evidence that final approval was ever granted.

■ The city's subdivision regulations make it clear that the MPC has the right to reconsider its decision prior to final approval. Section 29-4.1(d) indicates that "[t]he approval of a preliminary plat may be revoked by a majority vote of the [MPC] upon a finding that any of the provisions of these subdivision regulations have been or are being violated." This authority to revoke the preliminary approval necessarily carries with it the authority to reconsider the earlier grant of preliminary approval. What happened in this case is in compliance with this regulation. The MPC revoked its preliminary approval upon finding that the preliminary plat for Sherwood Forest did not include provision for a second access road, as required by the comprehensive plan, compliance with which is required by subdivision regulation Section 29-23.

Sherwood Land does not argue that it acted to its substantial detriment in reliance on the preliminary approval.

■ In sustaining the action of the MPC, the trial court relied on what it found to be the inherent authority of the MPC to reconsider its decision. We find it unnecessary to address whether such authority exists because under these facts, it is obvious that the MPC had authority to take the action that it did. We do not need to rely upon the grounds cited by the trial court. As we stated in Syllabus Point 3 of *Barnett v. Wolfolk*, 149 W.Va. 246, 140 S.E.2d 466 (1965):

"This Court may, on appeal, affirm the judgment of the lower court when it appears that such judgment is correct on any legal ground disclosed by the record, regardless of the ground, reason or theory assigned by the lower court as the basis for its judgment."

*Accord McJunkin Corp. v. West Virginia Human Rights Comm'n*, 179 W.Va. 417, 369 S.E.2d 720 (1988); *Weirton Ice & Coal Co. v. Weirton Shopping Plaza, Inc.*, 175 W.Va. 473, 334 S.E.2d 611 (1985); *N.C. v. W.R.C.*, 173 W.Va. 434, 317 S.E.2d 793 (1984); *Chambers v. Sovereign Coal*

*Corp.,* 170 W.Va. 537, 295 S.E.2d 28 (1982); *Environmental Prods. Co. v. Duncan,* 168 W.Va. 349, 285 S.E.2d 889 (1981); *Wilkinson v. Searls,* 155 W.Va. 475, 184 S.E.2d 735 (1971).

For the foregoing reasons, we hold that the action of the MPC in withdrawing its preliminary approval of the Sherwood Forest plan for lack of provision for a second access road to the subdivision was proper. Therefore, the judgment of the Circuit Court of Kanawha County is affirmed.

Affirmed.