# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Steven Brett Offutt,**
**Defendant Below, Petitioner**

**vs.)  No. 19-0194**  (Jefferson County CC-19-2017-C-159)

**ELSS Executive Reporting, LLC,**
**Plaintiff Below, Respondent**

**FILED**

**March 23, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Steven Brett Offutt, self-represented litigant, appeals the January 30, 2019, order of the Circuit Court of Jefferson County that granted summary judgment in favor of Respondent ELSS Executive Reporting, LLC. Respondent, by counsel Bradley J. Reed, filed a response in support of the circuit court's order. Petitioner submitted a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner is an attorney who is licensed to practice law in the State of West Virginia. In 2016, he contacted Samantha Frey for the purpose of engaging her services as a court reporter. In all, petitioner and Ms. Frey scheduled depositions for five dates in March and May of 2016 in the case of *Hall v. City of Clarksburg*, a federal court action in which petitioner represented the plaintiff, Gregory Hall.  At the time, Ms. Frey's business was a sole proprietorship located in the State of Maryland and known as "ELSS Executive Reporting." It is undisputed that court reporting services were rendered by Ms. Frey and her associate and that petitioner was provided with the transcripts resulting therefrom.

Meanwhile, on April 15, 2016, Ms. Frey's business reorganized and became a limited liability company known as "ELSS Executive Reporting, LLC." According to Ms. Frey, the reorganization was done on the advice of her accountant "for tax purposes."

Petitioner was subsequently billed for the court reporting services provided in the total amount of $8,224.75. On July 25, 2016, petitioner tendered a check in the amount of $500.00 as

1

partial payment. However, Ms. Frey rejected the payment because, according to her counsel, "[t]here was concern about that being somehow accord and satisfaction."

Respondent thereafter filed a complaint against petitioner and Mr. Hall in the Circuit Court of Jefferson County alleging claims of breach of contract, unjust enrichment, quantum meruit, and "fraud/deceit/theft." During the course of discovery, petitioner admitted contacting Ms. Frey to engage her court reporting services; admitted that Ms. Frey and her associate, another court reporter he identified as "Linda," took the depositions of witnesses and provided petitioner with the transcripts; testified that he was "not dissatisfied with the service that was provided to us"; and does not dispute the amounts owed for such services as they appear on the invoices. However, according to petitioner, in contingency fee cases, it is his clients who are responsible for the payment of costs and expenses incurred in connection with the litigation. Accordingly, petitioner believed that Mr. Hall was responsible for payment of the court reporting services at issue.[1]

Further, with regard to petitioner's failure to pay for the court reporting services that he requested and that were performed, he testified as follows:

Q. Have you refused to make payment to . . . Samantha, or ELSS?

A. I have not refused, I wouldn't – No.

Q. Are you willing to make payment?

A. If Mr. Hall provides the money, we'll pay it, yes.

Q. Are you willing to pay it out of your own funds if Mr. Hall is unwilling to provide the funds to you?

A. No.

Q. And the basis is that you don't owe it?

A. Well, and the basis is I don't have that kind of money sitting around.

The parties thereafter filed cross-motions for summary judgment and the circuit court conducted a hearing. By order entered on January 30, 2019, the circuit court granted respondent's motion for summary judgment based upon breach of contract and awarded respondent the sum of $8,224.75 (the total amount due for the court reporting services rendered), plus interest. Petitioner now appeals.

This Court reviews the circuit court's summary judgment order de novo. *See* Syl. Pt. 1, *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994). In conducting our de novo review,

---

[1]Mr. Hall did not pay for the court reporting services provided. He was ultimately dismissed from this case, without prejudice, with petitioner's consent. *See* W.Va. R. Civ. P. 41.

we apply the same standard for granting summary judgment that is applied by the circuit court. Under that standard,

> "'[a] motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law.' Syllabus Point 3, *Aetna Casualty & Surety Co. v. Federal Insurance Co. of New York*, 148 W.Va. 160, 133 S.E.2d 770 (1963)." Syllabus Point 1, *Andrick v. Town of Buckhannon*, 187 W.Va. 706, 421 S.E.2d 247 (1992).

*Painter*, 192 W. Va. at 190, 451 S.E.2d at 756, syl. pt. 2. In other words,

> [s]ummary judgment is appropriate where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, such as where the nonmoving party has failed to make a sufficient showing on an essential element of the case that it has the burden to prove.

*Id.* at 190, 451 S.E.2d at 756, syl. pt. 4. Finally, we note that "[t]he circuit court's function at the summary judgment stage is not to weigh the evidence and determine the truth of the matter, but is to determine whether there is a genuine issue for trial." *Id.* at 190, 451 S.E.2d at 756, syl. pt. 3.

On appeal, petitioner argues that the circuit court erred in granting summary judgment in favor of respondent because Ms. Frey's limited liability company (i.e., "ELSS Executive Reporting, LLC") was not formed until after the court reporting services at issue were rendered. As a result, respondent could not have entered into a contract with petitioner for such services, and, thus, a breach of contract claim could not be proven. *See Sneberger v. Morrison*, 235 W. Va. 654, 669, 776 S.E.2d 156, 171 (2015) (stating that "[a] claim for breach of contract requires proof of the formation of a contract, a breach of the terms of that contract, and resulting damages"). Further, petitioner argues, respondent failed to prove that respondent was in privity of contract with ELSS Executive Reporting such that it had the same rights as the sole proprietorship under the contract. In this regard, we agree with petitioner. In its summary judgment order, the circuit court made factual findings concerning the transfer of the liabilities and assets of the sole proprietorship to the limited liability company and the latter's resulting ability to sustain a breach of contract claim against petitioner. However, we recognize that the evidence presented does not support such findings.

Nonetheless, the undisputed evidence does clearly support an award of summary judgment in favor of respondent albeit for a different reason. Indeed, we have repeatedly held that "[t]his Court may, on appeal, affirm the judgment of the lower court when it appears that such judgment is correct on any legal ground disclosed by the record, regardless of the ground, reason or theory assigned by the lower court as the basis for its judgment." Syl. Pt. 3, *Barnett v. Wolfolk,* 149 W. Va. 246, 140 S.E.2d 466 (1965). *See also Sherwood Land Co. v. Mun. Planning Comm'n of City of Charleston*, 186 W. Va. 590, 592, 413 S.E.2d 411, 413 (1991); *McJunkin Corp. v. W. Virginia Human Rights Comm'n*, 179 W. Va. 417, 423, 369 S.E.2d 720, 726 (1988). It is undisputed that petitioner contacted Ms. Frey and engaged her services as a court reporter. On five occasions, either Ms. Frey or her associate took the depositions of witnesses in the *Hall* matter and provided

petitioner with the transcripts. Petitioner does not challenge the amounts owed for the services rendered and conceded that he was "not dissatisfied" with them. As evidence that petitioner believes he is, in fact, responsible for the services he used and from which he benefited, he attempted to make a $500 partial payment on the amount owed. According to petitioner, he has not paid for the services at issue simply because "I don't have that kind of money sitting around."

Given these facts, this Court does not hesitate to conclude that respondent, formerly known as ELSS Executive Reporting, is entitled to payment for the services rendered at petitioner's request and from which he benefited. Despite respondent's failure to present competent evidence that, upon its change in organizational status from a sole proprietorship to a limited liability company, it was entitled to payment *under the contract* for services that were satisfactorily rendered by Ms. Frey and her associate, it is no less certain that Ms. Frey expected and deserves payment. As noted above, in addition to breach of contract, respondent sought payment for the court reporting services rendered on the equitable basis of quantum meruit. The Latin phrase "quantum meruit" means "as much as he has deserved," *see* Black's Law Dictionary 1361 (9th ed. 2009), and we have stated that such a claim "requires an element of recovery that the services at issue were performed under such circumstances by the individual seeking recovery that he reasonably expected to be paid for such services by the person sought to be charged." *Copley v. Mingo Cty Bd. of Educ.*, 195 W. Va. 480, 486-87, 466 S.E.2d 139, 145-46 (1995). Because the record is clear that Ms. Frey performed court reporting services for petitioner and at his request and that she reasonably expected that petitioner would pay for such services, we conclude that equity dictates that such payment be made consistent with the circuit court's January 30, 2019, order.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** March 23, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

4