FILED

April 26, 2022

released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**Leslie Tweedie and Christina Waugh,**
**on behalf of themselves and others**
**similarly situated,**
**Plaintiffs Below, Petitioners**

**vs.) No. 20-0932** (Fayette County 18-C-199)

**US Asset Management, Inc.,**
**Defendant Below, Respondent**

**MEMORANDUM DECISION**

Petitioners Leslie Tweedie ("Ms. Tweedie") and Christina Waugh ("Ms. Waugh") (collectively "Petitioners"), by counsel James B. Stoneking, Steven R. Broadwater, Jr., and David A. Pfeifer, appeal from the October 14, 2020 order of the Circuit Court of Fayette County granting summary judgment in favor of Respondent US Asset Management, Inc. ("USAM"). USAM, by counsel Lawrence J. Bartel (admitted *pro hac vice*), Nicholas P. Mooney, II, and Tai Shadrick Kluemper, filed a response in support of the circuit court's order. The Petitioners filed a reply.

Having considered the briefs submitted on appeal, the appendix record, the parties' oral arguments, and the applicable legal authority, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

This matter stems from Petitioners' previous relationships with AT&T. Both Petitioners were former AT&T customers who obtained cellular phone devices and services from AT&T. At some point several years ago, Ms. Waugh entered electronically signed written contracts with AT&T for cellular phone and hotspot service. She also received cellular phone devices at the time. Following Ms. Waugh's agreement to receive cellular phone service, she received monthly billing statements from AT&T. After some time, Ms. Waugh began to question the amounts she was being charged and stopped paying AT&T. Ms. Waugh's AT&T account remained open until AT&T charged off her past due debt in 2010. Subsequently, USAM bought Ms. Waugh's debt from AT&T, and on January 30, 2015, USAM's debt collector mailed Ms. Waugh a collection letter seeking to collect on the debt originally owed to AT&T.

On June 15, 2007, Ms. Tweedie also opened an account with AT&T for a cellular phone device and cellular phone service. After opening an account, Ms. Tweedie began to receive

1

monthly billing statements and later started to question the amounts being charged. Ms. Tweedie stopped making regular payments, and AT&T charged off the debt on her account on March 13, 2009. USAM then purchased Ms. Tweedie's debt from AT&T, and on November 16, 2014, USAM's debt collector sent Ms. Tweedie a collection letter seeking to collect on the debt on USAM's behalf.

Petitioners filed a class action complaint on November 26, 2018, in the Circuit Court of Fayette County. The complaint alleged that USAM violated the West Virginia Consumer Credit and Protection Act ("WVCCPA") when it attempted to collect sales contract debts that were more than four years after default and, therefore, time-barred by the four-year statute of limitations in the Uniform Commercial Code ("UCC").[1] Specifically, Petitioners maintain that USAM's debt collection correspondence did not contain any of the disclosures required by West Virginia Code § 46A-2-128(f)[2] for a time-barred debt including: the legal status of the debt and the fact that the

---

[1] West Virginia Code § 46-2-725, in relevant part, sets forth the following:

(1) An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it.

W. Va. Code § 46-2-725.

[2] West Virginia Code § 46A-2-128(f) provides that

No debt collector may use unfair or unconscionable means to collect or attempt to collect any claim. Without limiting the general application of the foregoing, the following conduct is deemed to violate this section:

. . .

(f) When the debt is beyond the statute of limitations for filing a legal action for collection, failing to provide the following disclosure informing the consumer in its initial written communication with such consumer that:

(1) When collecting on a debt that is not past the date for obsolescence provided for in Section 605(a) of the Fair Credit Reporting Act, 15 U. S. C. [§] 1681c: "The law limits how long you can be sued on a debt. Because of the age of your debt, (INSERT OWNER NAME) cannot sue you for it. If you do not pay the debt, (INSERT OWNER NAME) may report or continue to report it to the credit reporting agencies as unpaid"; and

(2) When collecting on [a] debt that is past the date for obsolescence provided for in Section 605(a) of the Fair Credit Reporting Act, 15 U. S. C. [§] 1681c: "The law limits how long you can be sued on a debt. Because of the age of your debt, (INSERT OWNER NAME) cannot sue you for it and (INSERT OWNER NAME) cannot report it to any credit reporting agencies."

consumer cannot be sued for the debt. USAM answered the complaint and contended that Petitioners' claims failed because: (1) the UCC statute of limitations was not applicable to the debts at issue because they were for services, not goods; (2) the time-barred debt disclosure therefore was not required; and (3) to the extent the court determined that the letters violated the WVCCPA, such a violation was the result of a bona fide error.

According to Petitioners, on July 16, 2019, the circuit court held a status conference to determine how the case should proceed and the court ordered limited discovery to take place on Petitioners' individual claims.[3] The parties engaged in written discovery and Petitioners' depositions were taken. Following this discovery, USAM filed its motion for summary judgment and memorandum in support on July 9, 2020, arguing that the ten-year contract statute of limitations[4] applied because the original debts were created pursuant to written contracts signed by Petitioners and were for monthly cellular device services. Subsequently, Petitioners filed a response in opposition to the motion for summary judgment reasserting that the UCC applied. Specifically, Petitioners argued that the underlying agreements were hybrid transactions for both goods and services and that the predominant purpose of the agreements was the purchase of the respective cellular devices rather than the cellular service. USAM filed a reply continuing to argue that the underlying agreements were solely for services, not goods. Alternatively, USAM contended that assuming arguendo that the underlying agreements were hybrid agreements that contained both the sale of goods and services, the predominant purpose was for services.

The circuit court held a hearing on USAM's motion for summary judgment in August of 2020. On October 14, 2020, the circuit court entered an order granting summary judgment in favor of USAM. In its order, the circuit court found that "[t]here [wa]s no record evidence that shows that [Ms.] Waugh's past due debt was related to the purchase of goods or a cell phone[,]" but rather "[t]he record evidence shows that the defaulted debt sought to be recovered from [Ms.] Waugh by

---

W. Va. Code § 46A-2-128(f) (2014).

[3] It is the Court's understanding that there has not yet been a motion to certify the class and thus that the Petitioners' individual claims would be examined first.

[4] West Virginia Code § 55-2-6, in relevant part, provides that,

> Every action to recover money, which is founded upon an award, or on any contract other than a judgment or recognizance, shall be brought within the following number of years next after the right to bring the same shall have accrued, that is to say: If the case be upon an indemnifying bond taken under any statute, or upon a bond of an executor, administrator or guardian, curator, committee, sheriff or deputy sheriff, clerk or deputy clerk, or any other fiduciary or public officer, within ten years; if it be upon any other contract in writing under seal, within ten years; if it be upon an award, or upon a contract in writing, signed by the party to be charged thereby, or by his agent, but not under seal, within ten years[.]

W. Va. Code § 55-2-6.

USAM is a debt related to monthly cell phone services and hot spot services previously provided by AT&T." Additionally, in its order, the circuit court found that "[t]here [wa]s no record evidence that shows that [Ms.] Tweedie's past due debt was related to the purchase of a blackberry cellular device." Instead, the court found that "[t]he record evidence shows that the defaulted debt sought to be recovered from [Ms.] Tweedie by USAM was a debt related to monthly cell phone services previously provided by AT&T." Further, "[e]ven if a separate agreement for the purchase of a cell phone exists, there is no evidence that such a contract was ever in default, that USAM purchased such contract from AT&T, or that USAM attempted to collect on such contract."

Moreover, through its order, the circuit court stated regarding both Petitioners that "[w]hile significant argument can be had that the contract was purely a contract for services rather than goods, the [c]ourt gives [Ms. Waugh and Ms. Tweedie] the benefit of the doubt in its determination of whether the contract is, at a minimum, a hybrid contract." The court found that "[s]ince phones were received by [the Petitioners] at the time the contract[s] w[ere] entered, the [c]ourt considers the contract[s] between [the Petitioners] and AT&T [] mixed or hybrid contract[s] involving both services and goods." Accordingly, the circuit court analyzed the underlying case pursuant to a predominant purpose test[5] and concluded that the contracts entered by Petitioners with AT&T were predominantly for the purpose of obtaining cellular phone services. As a result, the circuit court determined that the letters to Petitioners did not require the time-barred debt disclosures pursuant to West Virginia Code § 46A-2-128(f) because the four-year statute of limitations set forth in West Virginia Code § 46-2-725 did not apply, but instead, the ten-year statute of limitations set forth in West Virginia Code § 55-2-6 was applicable. Because the debt was not time-barred and the disclosures were not required, the circuit court found that "no genuine issue of material fact [] remain[ed], nor [was] further inquiry desirable or necessary to clarify the application of the law." The circuit court then granted USAM's motion for summary judgment and dismissed the matter with prejudice. This appeal followed.

On appeal, Petitioners ask this Court to review the order of the Circuit Court of Fayette County granting summary judgment in favor of USAM. This Court has stated that

> [u]nder Rule 56(c) of the West Virginia Rules of Civil Procedure, summary judgment is proper only where the moving party shows by "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, . . . that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

---

[5] While acknowledging that West Virginia has not specifically adopted the predominant purpose test, the circuit court nevertheless found that "the predomin[ant] factor test outlined in *Bonebrake v. Cox*, 499 F.2d 951 (8th Cir. 1974)[,] . . . is the most appropriate and reliable test to determine whether the UCC's four[-]year statute of limitations applies under the given circumstances." Because we find herein that the contracts at issue were both written and solely concerned the provision of cellular phone services, we do not reach the question of whether this Court adopts the predominant purpose test for hybrid contracts that concern both the sale of goods and the provision of services.

4

*Williams v. Precision Coil, Inc.*, 194 W. Va. 52, 59, 459 S.E.2d 329, 336 (1995). It is well-established that "[a] circuit court's entry of summary judgment is reviewed *de novo*." Syl. Pt. 1, *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994). In conducting a plenary review, we are cognizant that "[a] motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law." Syl. Pt. 3, *Aetna Cas. & Sur. Co. v. Fed. Ins. Co. of New York*, 148 W. Va. 160, 133 S.E.2d 770 (1963). Stated another way,

> [s]ummary judgment is appropriate if, from the totality of the evidence presented, the record could not lead a rational trier of fact to find for the nonmoving party, such as where the nonmoving party has failed to make a sufficient showing on an essential element of the case that it has the burden to prove.

Syl. Pt. 2, *Williams*, 194 W. Va. at 56, 459 S.E.2d at 333. Furthermore, we note that "[t]he circuit court's function at the summary judgment stage is not to weigh the evidence and determine the truth of the matter, but is to determine whether there is a genuine issue for trial." Syl. Pt. 3, *Painter*, 192 W. Va. at 190, 451 S.E.2d at 756. Finally, "the party opposing summary judgment must satisfy the burden of proof by offering more than a mere 'scintilla of evidence' and must produce evidence sufficient for a reasonable jury to find in a nonmoving party's favor. *Anderson* [*v. Liberty Lobby, Inc.*], 477 U.S. [242,] [] 252, 106 S. Ct. [2505,] [] 2512, 91 L.Ed.2d [202,] [] 214 [(1986)]." *Williams*, 194 W. Va. at 60, 459 S.E.2d at 337. With these standards in mind, we now address the arguments presented.

Petitioners assert that the "lower court erred in relaxing the standard of proof to which a moving party is held at the summary judgment stage by failing to draw all reasonable inferences in favor of the nonmoving party and by relying on its own life experiences to supplement the factual record before it." In other words, Petitioners contend that the circuit court acknowledged that there was a genuine dispute regarding a fundamental factual issue but resolved the dispute by supplementing the factual record with its own common knowledge. USAM responds that the circuit court's granting of summary judgment was entirely proper. Specifically, USAM argues that the contractual terms of the defaulted contracts make no mention of cellular phone devices and that the contracts relate solely to cellular phone services. Furthermore, the AT&T billing statements demonstrate that the past due debts purchased by USAM are derived solely from the cellular and hotspot services AT&T provided to its former customers.

We agree that the evidence presented supports an award of summary judgment in favor of USAM; however, we base our decision on reasoning different than that relied on by the circuit court. Namely, we find that the evidence presented in the record demonstrates that the contracts and debts purchased by USAM upon which USAM was seeking to recover were based solely on cellular phone services, not cellular phone device purchases or a hybrid thereof. We have repeatedly held that "[t]his Court may, on appeal, affirm the judgment of the lower court when it appears that such judgment is correct on any legal ground disclosed by the record, regardless of the ground, reason or theory assigned by the lower court as the basis for its judgment." Syl. Pt. 3, *Barnett v. Wolfolk*, 149 W. Va. 246, 140 S.E.2d 466 (1965). *Accord Sherwood Land Co. v. Mun. Planning Comm'n of City of Charleston*, 186 W. Va. 590, 592, 413 S.E.2d 411, 413 (1991) (per curiam); *McJunkin Corp. v. W. Va. Human Rights Comm'n*, 179 W. Va. 417, 423, 369 S.E.2d 720,

5

726 (1988). *See also Murphy v. Smallridge*, 196 W. Va. 35, 36-37, 468 S.E.2d 167, 168-169 (1996) ("[a]n appellate court is not limited to the legal grounds relied upon by the circuit court, but it may affirm or reverse a decision on any independently sufficient ground that has adequate support."); *Longwell v. Hodge*, 171 W. Va. 45, 47, 297 S.E.2d 820, 822 (1982) ("We agree with the Circuit Court, and affirm its decision, although for different reasons than those expressed by the lower court."). Essentially, the dispositive question below is whether a ten-year statute of limitations for written contracts or the four-year statute of limitations pursuant to the UCC is applicable to the instant dispute. For the ten-year statute of limitations to apply, the contracts at issue must be written and not involve a sale of goods. *See* W. Va. Code § 55-2-6; W. Va. Code § 46A-2-128(f).

Here, the record demonstrates that the contracts at issue were written agreements. First, we consider Ms. Waugh's agreement. The record demonstrates that Ms. Waugh testified during her deposition that she recalled opening an account with AT&T by electronically signing a contract. Furthermore, the record pertaining to Ms. Waugh contains several contract documents, including (1) a December of 2008 Customer Service Summary and Wireless Service Agreement, which indicates it will be signed electronically; (2) a July of 2009 Customer Service Summary, Wireless Service Agreement, which indicates it will be signed electronically, with an electronic signature page for two different phone lines; and (3) an August of 2009 Customer Service Summary, Wireless Service Agreement, which indicates it will be signed electronically, and also with an electronic signature page. Next, there is Ms. Tweedie's agreement. While USAM has not provided the same type of contractual documents for Ms. Tweedie as it did for Ms. Waugh, it did provide an affidavit from Ben Ribeiro ("Mr. Ribeiro"), Vice President of Operations for USAM. Mr. Ribeiro indicated that based upon his business relationship with AT&T and USAM's purchase of numerous AT&T cellular phone accounts/contracts over the years, he was "familiar with the manner and method by which a consumer can open an AT&T cellular account." Specifically, Mr. Ribeiro averred that "an AT&T cellular phone account can only [be] opened upon the entry of a signed written contract." Significantly, Ms. Tweedie has not provided any evidence in the record below that she absolutely denies entering a written contract, she simply cannot recall the specifics of her opening an account. Without any factual support, Ms. Tweedie's lack of memory as to how she opened her account with AT&T "provides only a scintilla of conjectural evidence. *See* [W. Va. R. Civ. P.] 56(e) [1998] (Party opposing a motion for summary judgment must 'set forth specific facts showing that there is a genuine issue for trial.')." *Stephen W., individually & as next friend of J.W. v. Timberline Four Seasons Resort Mgmt.*, No. 14-1158, 2015 WL 5125536, at *2 (W. Va. Aug. 31, 2015)(memorandum decision). As such, under the circumstances as presented here, there is no genuine issue of material fact in dispute as to whether the respective contracts were in writing.

Next, we must examine whether the respective contracts involve only the provision of services or if the sale of goods is also involved in any capacity. First, as it relates to Ms. Waugh, the underlying record demonstrates that the contract and debt sought to be recovered were solely for services. Specifically, the record sets forth the following: (1) Ms. Waugh testified during her deposition that it was her understanding that she was paying for the service plan and not for the cellular phone devices[6]; (2) there is nothing in the language of the service agreements signed by

_____

[6] Petitioners contend that Ms. Waugh stated in her discovery responses that the costs of the cellular phone devices were to be paid as a part of her monthly bill. However, during her deposition, Ms. Waugh testified that she "fe[lt] like [AT&T is] giving you the phone. Of course,

6

Ms. Waugh that indicates in any way that the contracts encompassed the sale of a cellular phone device[7]; and (3) there is nothing in the language of the monthly statements received by Ms. Waugh for the debt sought to be recovered that indicates the charges were for a cellular phone device—rather, the monthly statements indicate that they were for cellular phone service charges.[8] Likewise, as it relates to Ms. Tweedie, the underlying record once again demonstrates that the contract and debt sought to be recovered were solely for services. While Ms. Tweedie did state in her deposition that she believed she purchased a Blackberry cellular phone at the time she opened her account and believed that the purchase price was supposed to be added to her bill, she was unsure of the exact purchase price and could not provide any additional details with any degree of certainty. However, like Ms. Waugh, there is nothing in the language of the monthly statements received by Ms. Tweedie for the debt sought to be recovered that indicates in any way that the charges were for a cellular phone device; rather it is clear that the charges were for cellular phone services. Accordingly, we find that there is no genuine issue of material fact and that the contracts at issue were solely for the provision of cellular phone services. Therefore, the ten-year statute of limitations applies to Petitioners respective underlying agreements and the collection letters sent to Petitioners were not required to contain the disclosures pursuant to West Virginia Code § 46A-2-128(f) as the debt USAM was attempting to collect was not time-barred. Because the debt was not time-barred, no genuine issue of material fact remains and USAM is entitled to summary judgment.

For the reasons set forth herein, we affirm the circuit court's October 14, 2020 order granting summary judgment in favor of USAM.

Affirmed.

**ISSUED:**      April 26, 2022

you're getting a plan, but you're paying for your plan, not --not the -- the equipment, not the devices."

[7] Also attached to these service agreements are documents entitled "Understanding My First Bill." As an example, a July of 2009 Customer Service Summary indicates that the initial rate plan is $60.00. The corresponding Understanding My First Bill details that the ongoing monthly bill rate plan is $60.00. The document further lists additional possible charges including usage, additional minutes, roaming, directory assistance, long distance charges, service funds, regulatory charges, and government fees and taxes. There is no notation of a cellular phone device charge.

[8] For instance, the monthly billing statements include a section for "Monthly Service Charges" which sets forth specific rate plan charges, other services charges, and wireless data charges. Under each of these sections set forth specific line items, none of which are for the cellular phone device. Additionally, certain monthly billing statements also include a section for "Usage Charge Details."

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice Alan D. Moats, sitting by temporary assignment