# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**December 6, 2024**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**BRIAN CORWIN,**
**Plaintiff Below, Petitioner**

**v.) No. 23-ICA-472**   (Cir. Ct. of Ohio Cnty. Case No. CC-35-2021-C-112)

**ELIAS E. JOSEPH and BETTY PERALEZ,**
**Defendants Below, Respondents**

## MEMORANDUM DECISION

Petitioner Brian Corwin appeals the Circuit Court of Ohio County's October 2, 2023, order dismissing his action seeking to compel the issuance of a tax deed for failure to join an indispensable party.[1] Respondents Mr. Joseph and Ms. Peralez filed a joint summary response.[2] Mr. Corwin filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On September 14, 1979, Mr. Joseph acquired a deed to 10.534 acres of real property known as Ohio County Map/Parcel W39/0012 0000 0000 (the "Property"). On December 30, 2013, Mr. Joseph prepared and executed a quitclaim deed granting the Property to Ms. Peralez. The deed to Ms. Peralez was destroyed in 2014 in a fire at the residence of Ms. Peralez, before it was recorded. Mr. Joseph initiated a lawsuit in the Circuit Court of Ohio County, West Virginia, seeking a declaration that a copy of the deed to Ms. Peralez was a true and accurate copy so that it could be recorded with the Ohio County Commission clerk's office. On July 27, 2018, the circuit court ordered the Ohio County Commission clerk to record a true and accurate copy of the deed to Ms. Peralez, which it did on August

---

[1] According to Mr. Corwin's Notice of Appeal, he indicated that the circuit court's October 2, 2023, order denying his motion to reconsider was also being appealed. However, Mr. Corwin's appellate brief focuses solely on the findings and conclusions in the dismissal order. Therefore, we deem any separate challenge to the circuit court's October 2, 2023, ruling denying his motion to reconsider to be abandoned.

[2] Mr. Corwin is represented by J. Anthony Edmond, Jr., Esq., and Michael B. Baum, Esq. Mr. Joseph and Ms. Peralez are represented by Elgine Heceta McArdle, Esq.

3, 2018. On March 9, 2021, Mr. Corwin purchased a delinquent tax lien on the Property for the sum of $5,500.00. On June 2, 2021, Mr. Joseph tendered payment to redeem the delinquent taxes, which was accepted by G. Russell Rollyson Jr., Deputy Commissioner of Delinquent and Nonentered Lands for Ohio County (the "Deputy Commissioner"). As a result of the redemption, Mr. Corwin received a letter from the Deputy Commissioner that delinquent taxes were redeemed by Mr. Joseph. Due to the redemption payment, the Deputy Commissioner did not issue a tax deed to Mr. Corwin for the Property. A check for the total redemption amount - $6,415.39 - was subsequently delivered to Mr. Corwin.

Mr. Corwin filed this action against Mr. Joseph and Ms. Peralez on July 9, 2021, demanding that Mr. Joseph's redemption of delinquent taxes be set aside and demanding that a tax deed be issued to Mr. Corwin. After the close of discovery, the parties filed dueling motions for summary judgment, responses and replies in August 2023. Following a hearing, Mr. Joseph and Ms. Peralez filed their motion to dismiss arguing that the Deputy Commissioner was an indispensable party, that joining the Deputy Commissioner was not feasible and that Mr. Joseph and Ms. Peralez were not capable of performing the relief requested of issuing a tax deed. The circuit court granted the motion to dismiss on October 2, 2023. On the same day, Mr. Corwin filed a motion to reconsider the dismissal order which was denied by separate order entered on October 2, 2023. Mr. Corwin filed his appeal on October 23, 2023.

On appeal, Mr. Corwin contends that the circuit court abused its discretion and violated his constitutional procedural due process rights by ruling on Mr. Joseph's and Ms. Peralez's motion to dismiss without observing the timeframes set out in West Virginia Rule of Civil Procedure 6(d). Substantively, Mr. Corwin asserts that the circuit court erroneously dismissed his case, arguing that the Deputy Commissioner was not an indispensable party and that even if the Deputy Commissioner was indispensable, his joinder was feasible.

Initially, we find that Mr. Corwin's arguments regarding Rule 6(d) of the West Virginia Rules of Civil Procedure are misplaced because a circuit court has "discretion in determining whether a motion is decided on the record or after a hearing." *Corp. of Harpers Ferry v. Taylor,* 227 W. Va. 501, 506 n. 5, 711 S.E.2d 571, 576 n. 5 (2011) (citing W. Va. Trial Ct. R. 22.03) (stating that "[t]he court *may* require or permit hearings on motions[.]" (Emphasis added)). Since the circuit court was not required to set the motion to dismiss for hearing and since Rule 6(d) only applies when a motion hearing is set, the circuit court's failure to observe the Rule 6(d) timelines was not an abuse of discretion and not a violation of Mr. Corwin's procedural due process rights.

Turning to Mr. Corwin's substantive arguments, the circuit court dismissed the case because it found that the Deputy Commissioner was an indispensable party and that his joinder was not feasible. Based on our review, we find that dismissal was proper but for different reasons than outlined by the circuit court. We are not confined to the reasoning of the circuit court and may "affirm the judgment of the lower court when it appears that such

2

judgment is correct on any legal ground disclosed by the record, regardless of the ground, reason or theory assigned by the lower court as the basis for its judgment." Syl. Pt. 3, *Barnett v. Wolfolk*, 149 W. Va. 246, 140 S.E.2d 466 (1965); *accord Sherwood Land Co. v. Mun. Planning Comm'n of City of Charleston,* 186 W. Va. 590, 592, 413 S.E.2d 411, 413 (1991) (per curiam); *see also Murphy v. Smallridge*, 196 W. Va. 35, 36-37, 468 S.E.2d 167, 168-169 (1996) ("[a]n appellate court is not limited to the legal grounds relied upon by the circuit court, but it may affirm or reverse a decision on any independently sufficient ground that has adequate support."). We find that the dispositive issue before us is redemption of the delinquent taxes prior to the issuance of a tax deed.

Mr. Corwin argued below that the Deputy Commissioner should have refused Mr. Joseph's redemption payment and should have issued Mr. Corwin a tax deed because Mr. Joseph was not an owner or other person entitled to pay the delinquent taxes under West Virginia Code § 11A-3-56(a) (2019).[3] The relevant version of West Virginia Code § 11A-3-56(a) provided that "[a]fter the sale of any tax lien on any real estate pursuant to § 11A-3-45 or § 11A-3-48 of this code, the owner of, or any other person who was entitled to pay the taxes on, any real estate for which a tax lien thereon was purchased by an individual, may redeem at any time before a tax deed is issued therefor...." W. Va. Code §11A-3-56(a) (2019). The record reflects that Mr. Joseph paid an amount sufficient to redeem the delinquent taxes before a tax deed was issued. The record shows that Mr. Joseph was an owner, or a person entitled to pay the delinquent taxes because the tax records, specifically the receipt issued by the deputy commissioner when the delinquent taxes were redeemed in 2021, lists Mr. Joseph as the owner of the Property. Even if Mr. Joseph was not entitled to pay the delinquent taxes on that basis, Ms. Peralez, the only other person entitled to pay the delinquent taxes, stated in uncontroverted affidavit testimony that she requested Mr. Joseph pay the delinquent taxes on her behalf. Mr. Corwin cites no legal authority precluding Mr. Joseph from paying the delinquent taxes on Ms. Peralez's behalf. For these reasons, we find that the delinquent taxes were properly redeemed prior to issuance of a tax deed and therefore, the circuit court did not err in dismissing this action.

Accordingly, we affirm the circuit court's October 2, 2023, dismissal order.

Affirmed.

**ISSUED:** December 6, 2024

**CONCURRED IN BY:**
Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear

---

[3] The Legislature amended this statute in 2022 and again in 2023. Therefore, we will cite to the prior version of the statute in effect at the time of the events giving rise to the instant proceeding.